[Sac. No. 674.   Department One.—July 10, 1900.]

WILLIAM BREE, Appellant, v. LEWIS WHEELER, Respondent.

WATER RIGHTS—ADVERSE USER—INTERRUPTION.—An adverse user of the waters of a stream, in order to ripen into a title, must have been continuous and uninterrupted; and any interruption of the adverse user, however slight, prevents the acquisition of a prescriptive title.

ID.—INSUFFICIENT FINDING—ADVERSE USER OF HALF OF STREAM.—A finding of an adverse user of one-half of the stream in controversy, which shows that the user had been interrupted by the plaintiff at least once each year, by acts found to be acts of trespass, and which does not show that the defendant's user

was open or notorious, is insufficient to support a judgment awarding one-half of the water to the defendant.

ID.—AGREEMENT FOR DIVISION OF STREAM NOT PLEADED—NEW TRIAL—AMENDMENT OF ANSWER.—Where the defendant testified to an agreement between plaintiff and defendant for division of the stream, which was not pleaded nor found, he will be allowed leave to amend the answer upon a new trial granted upon appeal.

ID.—COMPLAINT—DEFECTIVE ALLEGATIONS—APPROPRIATION—ADVERSE USER—AMENDMENT.—A complaint not specifically alleging that the plaintiff is the owner of the stream in controversy, and which attempts to allege an appropriation by plaintiff's grantor, without pleading the acts of such appropriation, and which alleges an adverse user by the plaintiff interrupted by the defendant, will be allowed to be amended upon a new trial granted upon plaintiff's appeal.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. F. T. Nilon, Judge.

The facts are stated in the opinion.

Charles W. Kitts, for Appellant.

J. M. Walling, for Respondent.

COOPER, C.—Suit to determine the right to the water running in a stream known as "Rattlesnake creek." Judgment awarding one-half the water to plaintiff and one-half to defendant. Plaintiff made a motion for a new trial, which was denied, and he appeals from the judgment and order denying his motion. Defendant in his answer claimed and set forth that he had been in the adverse possession and use of all the waters of said stream for more than five years prior to the commencement of the action. The court found: "That the defendant has constantly, under a claim of right adverse to the plaintiff, used one-half of the waters of said stream at the point of his diversion, under an adverse claim of right against the plaintiff, ever since the year 1887. . . . . That the use of said water by the defendant has been every year, at least, once interrupted, by turning it out of the head of defendant's ditch by the plaintiff, but the court finds such acts by the plaintiff to have been mere trespasses."

Upon this finding alone the court, as a conclusion of law, found defendant to be the owner of one-half the water of the creek. The finding does not show all the facts essential to establish title in defendant by adverse user. The user, in order to ripen into a title, must have been continuous and uninterrupted. (Washburn on Easements and Servitudes, 4th ed., 172; Angell on Watercourses, sec. 214; *Alta Land etc. Co. v. Hancock*, 85 Cal. 226.[1])

Interruption of adverse user, however slight, prevents acquisition of title by prescription. (*American Co. v. Bradford*, 27 Cal. 368; *Cave v. Crafts*, 53 Cal. 138; *Ball v. Kehl*, 95 Cal. 613.)

The possession must have been open and notorious, and not clandestine. (*Alta Land etc. Co. v. Hancock, supra; Unger v. Mooney*, 63 Cal. 595[2]; Angell on Watercourses, sec. 215.)

Here the court fails to find that the use by defendant has been continuous and uninterrupted, but finds affirmatively that it has been interrupted at least once a year. It may have been interrupted many times during each year, and the finding be true. The court adds that the interruptions were "mere trespasses." If the water was the property of plaintiff, he had the right to turn it out of defendant's ditch, and he would not commit a trespass in so doing. A man can do as he pleases with his own property without committing a trespass. The finding does not show how long these interruptions continued, nor whether they were as continuous as the use by defendant. Neither does the finding show that the use by defendant has been open or notorious.

As the case must be remanded for a new trial, it is proper to observe that the complaint does not allege that the plaintiff is the owner of the water of said creek. There is an attempt to allege an appropriation by one Sheets, the grantor of plaintiff, but the acts showing an appropriation are not pleaded; the complaint also attempts to allege title in plaintiff by adverse possession, but contains the allegation that the defendant has from time to time interrupted the use of the water.

It is claimed in defendant's brief and the evidence tends to

[1] 20 Am. St. Rep. 217.
[2] 49 Am. Rep. 100.

show an agreement in the year 1885 between plaintiff and defendant, by which each was to take one-half the water. The answer contains no allegation as to any such agreement, nor is there any finding thereon.

The judgment and order should be reversed and the cause remanded, with directions to the lower court to allow the parties to amend their pleadings within a reasonable time if so advised.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded, with directions to the lower court to allow the parties to amend their pleadings within a reasonable time.

Van Dyke, J., Harrison, J., McFarland, J.