[Civ. No. 3610. First Appellate District, Division One.—February 1, 1921.]

## H. C. DAVEY, Appellant, v. BURT GRIGSBY et al., Respondents.

[1] WATERS AND WATER RIGHTS — PRESCRIPTION — INSUFFICIENCY OF EVIDENCE.—In this action to enjoin the demolition of a dam and ditches, which the plaintiff claimed the right to maintain as a means for the diversion of the waters of a stream for use upon his own land, the evidence was amply sufficient to show that the maintenance and use of the ditch were never of that open, continuous, notorious, and adverse character essential to the establishment of a prescriptive right thereto upon which plaintiff based his claim of right.

[2] ID.—EVIDENCE — JUDGMENT-ROLL IN FORMER ACTION. — The judgment-roll in a former action between the same parties wherein the whole question as to the respective rights and claims of the parties in and to all the waters of the creek was presented or presentable by the issues tendered therein was admissible as tending to show that at the time of such trial the plaintiff made no claim nor proof of any such right in and to the waters as that which he claimed in the present action.

---

1. Prescriptive right to dam backwaters of a stream, note, 59 L. R. A. 838.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore A. Bell, Herbert V. Keeling and C. M. Crawford for Appellant.

tum Suden & tum Suden for Respondents.

RICHARDS, J.—This appeal is from a judgment in the defendants' favor upon their answer and cross-complaint in an action brought by the plaintiff to enjoin the defendants from demolishing or otherwise interfering with a certain dam and ditches, which the plaintiff claimed the right to maintain as a means for the diversion of the waters of a stream for use upon his own land. The defendants in their answer denied the plaintiff's alleged right to maintain said dam and ditches, and to the use of any waters diverted thereby from the stream in question, and in their cross-complaint asserted the sole right in themselves to the ownership and use of said waters, and the plaintiff's threatened or attempted interference with said rights through the diversion thereof by means of said dam and ditches they sought to have the court enjoin.

The stream in question was a small perennial rivulet known as Houten Creek, situated near Cobb, in Lake County. It had its source on land which prior to the year 1913 was owned by the Farmers' Savings Bank of Lakeport, which conveyed the same in that year to H. C. Davey, the plaintiff, and to W. R. Prather and H. L. Boggs. In the year 1915 said Davey, Prather, and Boggs sold the southerly twenty acres of this tract to Mrs. Grigsby, one of the defendants herein, and a Mrs. Fields, who later partitioned it between themselves, Mrs. Fields receiving the southerly half thereof, which later she conveyed to W. C. Crittenden, another of the defendants herein. On the southerly side of the tract formerly owned by the Farmers' Savings Bank lay a fractional quarter-section of land, which had for many years been owned and occupied by a family named Smith. In the year 1893 J. A. Smith, one of the members of said

family, had gone upon the lands of the Farmers' Savings Bank, and at a point on Houten Creek thereon somewhat to the northerly of the lands later transferred to the defendants Grigsby and Crittenden had built a small dam of rocks and dirt, and constructed therefrom a ditch across said tract to his own land, through which, during the summer months, he diverted the waters of said Houten Creek for use in the irrigation of a small portion of his said land lying adjacent to the bank tract. The dam thus constructed was temporary in character, and was washed out by the winter freshets, and was replaced from time to time as Smith desired during the summer months to use the waters of said creek for the irrigation of said small piece of land. In 1913, when Davey and his associates acquired the said tract of land from the Farmers' Savings Bank, it was found by a survey thereof that Smith's northerly fence line was about one hundred feet northward from his true line upon the lands so purchased by Davey and his associates. Smith's attention was called to this fact, and he thereupon moved his fence said distance to the southward, which had the result of placing practically all of the land which he had been wont to irrigate from the use of said dam and ditch within the boundary lines of the lands now owned by Davey, Prather, and Boggs. Thereupon Smith ceased further to use any of said waters for purposes of irrigation upon his remaining land, and also ceased to rebuild and maintain said dam and ditch. When in the year 1915 Mrs. Grigsby and Mrs. Fields were about to purchase the southerly twenty acres of the land then owned by Davey, Prather, and Boggs, Mrs. Grigsby made certain inquiries from the member of the Smith family who at that time was the owner of the Smith tract as to whether he had or claimed any right to the diversion and use of the waters of Houten Creek which throughout almost its entire course lay upon the lands about to be purchased by Mrs. Grigsby and Mrs. Fields. Smith, in response to this inquiry, disclaimed any right to the use of said waters. Upon one or two occasions thereafter he did, however, use the same, but the evidence sufficiently shows that when he did so it was upon permission so to do received from the Grigsbys. In the year 1918 the plaintiff herein acquired the Smith tract of land, and shortly thereafter undertook to re-establish

and maintain the dam upon Houten Creek and the ditch leading therefrom across the property of the defendants Grigsby and Crittenden to the lands he had recently acquired from the Smiths. The said defendants refused to permit this use, and destroyed the ditch upon their premises, whereupon the plaintiff instituted this action to enjoin them from so doing, with the result above set forth.

[1] It will be seen from the foregoing statement of facts that the appellant herein rests his claim of right to the use of the waters of Houten Creek through said dam and ditch solely upon prescription. In order to maintain this claim he must have been able to establish by his proof at the trial of this action that his predecessor in interest, Smith, had acquired such right by prescription prior to the transfer by Smith to the plaintiff of the tract of land upon which he claims the right to use said waters. The trial court concluded from the evidence educed in the case that such prescriptive right in said Smith had not been established. From a careful review of the evidence in the case we are satisfied that the trial court was correct in this conclusion. The lands lying along and in the vicinity of Houten Creek are wooded and brushy. The point where said dam was located was in the small canyon occupied by said creek, and the ditch therefrom ran along the side of a brushy hill, neither said dam nor said ditch being visible from the roadway crossing the tract on which said ditch and dam were located. There was not a particle of evidence in the case going to show that the original owner of said tract, the Farmers' Savings Bank, ever knew that Smith had constructed said dam or ditch across its land. Both dam and ditch were in fact small and temporary in character, the former existing only during the summer months, and the latter only being used during that period of the year. In order to have established a prescriptive right in Smith to the continued use of the waters of Houten Creek through said dam and ditch, it was essential for the plaintiff, as his successor in interest, to show that the latter's appropriation of the waters of Houten Creek through said dam and ditch was open and notorious, and was asserted adversely and with the knowledge of the owners of the servient tenement for the period of time necessary to give rise to a prescriptive right. (*Paige* v. *Rocky Ford,* 83 Cal. 84, [21 Pac.

1102, 23 Pac. 875]; *Alta L. & W. Co.* v. *Hancock,* 85 Cal. 219, [20 Am. St. Rep. 217, 24 Pac. 645]; *Fogarty* v. *Fogarty,* 129 Cal. 46, [61 Pac. 570]; *Bree* v. *Wheeler,* 129 Cal. 145, [61 Pac. 782]; *Churchill* v. *Louie,* 135 Cal. 608, [67 Pac. 1052]; *Strong* v. *Baldwin,* 137 Cal. 432, [137 Pac. 432].) It is very doubtful whether the evidence in the case upon this subject, considered entirely apart from the admissions of Smith himself, would have sufficed to sustain the plaintiff's claim as to Smith's acquisition of a prescriptive right to the use of the waters of Houten Creek. The defendants, however, on their own behalf, presented the evidence of Mrs. Grigsby, who testified that prior to the purchase by herself and Mrs. Fields of the tract of land which they came to own, she had held a conversation with Smith, during which he had asserted that while the Smith family had theretofore used the water of Houten Creek, he did not know that they had any right so to do, and who further testified that subsequent to the purchase of said land by herself and Mrs. Fields they had taken possession of said ditch and had used it to bring the waters down to the place where their house was located, and that subsequently when Smith desired to use said waters he had requested and obtained their permission so to do.

To the introduction of this evidence the plaintiff objected. Upon this appeal, however, he does not venture to contend that said evidence was not admissible, but insists that as a mere admission against interest of a former owner of the tract benefited by the use of said waters said evidence is of insufficient weight and force to have justified the trial court in finding against the prescriptive right of Smith to the use of said waters, which, he claims, had fully ripened prior to the making of said admission. We are of the opinion, however, that the evidence was not only admissible, but that it shed a strong light upon the extent and quality of Smith's prior use of the waters in question; and, taken with the other evidence to which we have referred, was amply sufficient, we think, to show that the maintenance and use by Smith of said dam and ditch were never of that open, continuous, notorious, and adverse character essential to the establishment of a prescriptive right thereto.

[2]   The only other contention of the appellant requiring notice is his contention that the court erred in the admission in evidence of a judgment-roll in a case entitled "*H. C. Davey et al.* v. *Isidore F. Grigsby et al.,*" which had been tried and determined in the superior court of Lake County prior to the institution of the present action.

That was an action instituted by Davey, Prather, and Boggs against the Grigsbys, who are defendants herein, and also against Mrs. Fields, the predecessor of their codefendant Crittenden, wherein said plaintiffs asserted that they were the owners of all of the waters of Houten Creek by virtue of their ownership of the tract of land lying next northerly to the lands which they had sold to Mrs. Grigsby and Mrs. Fields, and wherein they demanded a reformation of the conveyance which they had made to Mrs. Grigsby and Mrs. Fields so as to have inserted therein a reservation in their favor of the whole of the waters of said creek. While it is true that the Smith tract of land or any right appurtenant thereto was not directly concerned in that litigation, still the whole question as to the respective rights and claims of the parties in and to all of the waters of Houten Creek was presented or presentable by the issues tendered in that action, and this being so, we are of the opinion that the judgment-roll in that case was properly admissible in evidence as tending to show that at the time of the institution and trial of that action the plaintiff herein made no claim nor proof of any such right in and to the waters of Houten Creek as that which he is now attempting to assert in the instant case. We find no error, therefore, in the introduction of said judgment-roll in evidence.

No other errors being urged by the appellant, the judgment is affirmed.

Kerrigan, J., and Bardin, P. J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 31, 1921.

All the Justices concurred.