[S. F. No. 12795. In Bank.—May 2, 1929.]

MRS. ISADORE F. GRIGSBY, Respondent, v. H. C. DAVEY et al., Appellants.

Thomas, Beedy, Presley & Paramore and Benjamin C. Jones for Appellants.

tum Suden & tum Suden for Respondent.

CURTIS, J.—Plaintiff is the owner of the south ten acres of the northwest quarter of the northwest quarter of section 11, township 11 north, range 8 west, Mount Diablo base and meridian. The defendant Camp Calso Company is the owner of the north thirty acres of said quarter-section above described, and also the north thirty-five acres of the northeast quarter of the northeast quarter of section 10, said township and range. Said thirty-five acres in section 10 join on the east said thirty acres in section 11. All of said lands are situated in Lake County. The other defendants are officers of the defendant Camp Calso Company. Houten Creek is a small perennial rivulet flowing between fifteen and eighteen miner's inches of water, having its source in large springs on the lands belonging to the Camp Calso Company and flows through said thirty-acre tract belonging to said defendant and then into and across plaintiff's said land. After leaving plaintiff's land it makes an abrupt turn to the south and flows into Kelsey Creek. The defendant company some time prior to the commencement of this

action constructed a dam in the bed or channel of said creek at a point some distance above the land of the plaintiff where said stream enters plaintiff's said land, and by means of said dam and a two-inch pipe-line connected therewith diverted a portion of the waters of said stream from their natural channel and conveyed the same in a westerly direction for use upon lands belonging to said defendant corporation. A portion of the land to which said water was conveyed by said defendant was included within the boundaries of said thirty-acre tract and a portion thereof was within said thirty-five acre tract.

Plaintiff brought this action to restrain defendants from maintaining said dam in said stream and from diverting any of the waters of said stream from its natural channel for use upon said lands of the defendants. The trial court in its decree adjudged that the lands of the defendant corporation were nonriparian to Houten Creek, and that defendants were not entitled to divert any of the waters of said stream for use upon any of said land belonging to said defendants and situated in said sections 10 and 11. We will assume that the judgment is supported by the findings, and will direct our attention to the findings with the view of ascertaining whether the evidence is sufficient to support the judgment. There is no question but that the lands of plaintiff are riparian to Houten Creek and that plaintiff as the owner thereof is entitled to all rights and privileges which an owner of riparian lands may possess and enjoy in a stream to which his lands are riparian. We will, therefore, proceed to the consideration of the evidence produced at the trial and which the court held was sufficient to establish that the lands of the defendant Camp Calso Company were not riparian to Houten Creek.

As to said thirty-five acres situated in section 10, the principal, if not the only, basis upon which the defendants make the contention that said tract or any part thereof is riparian to said stream is that Houten Creek had been diverted from its original channel some years previous to the trial of said action and that but for said diversion said stream after leaving plaintiff's land would flow in a westerly direction through said thirty-five acre tract. At present said stream, after entering plaintiff's land along its north boundary line and a short distance from the northeast corner

thereof, runs in a generally southwesterly direction through the lands of plaintiff and leaves the same at the south boundary line and near the southwest corner thereof. Said stream while flowing in its present channel does not, therefore, enter said thirty-five acre tract, but after leaving plaintiff's land flows away and in an opposite direction from defendants' land situated in said thirty-five acre tract. There was some evidence to support defendants' claim that said stream originally flowed through said thirty-five acre tract in said section 10. The engineers employed by defendants testified that they found traces of an old bed of a stream leading from a point in the present stream before it leaves plaintiff's land and extending in a westerly and a northwesterly direction through said thirty-five acre tract. There were also witnesses who for many years prior to the trial of said action were acquainted with the locality where the lands of the parties hereto are situated, and who testified that the waters from said stream ran across the county road, which county road is now and was at the time covered by the testimony of these witnesses located some distance west of the present channel of said stream, and only a short distance from said thirty-five acre tract, and that for the purpose of protecting said road said stream had been diverted from a westerly course, where said stream had been accustomed to flow, to a more southerly course, as it now flows or as it flowed at the time of the trial. It may well have been inferred if this were the only evidence before the court that a change had been made in the location of the channel of said stream, and that before said change had occurred said stream had run through said thirty-five acre tract. But there was evidence on behalf of plaintiff which undoubtedly negatived this claim of the defendants. We need only briefly refer to a portion of this evidence to show that upon the question as to the location of the original bed of the stream the evidence as a whole presents a substantial conflict. The witness Max Hoberg, who lived in the neighborhood of plaintiff's property, testified that he was acquainted with the location of the channel of Houten Creek for over forty years, and that said stream during the years he had known it ran in the same channel as it did at the time of the trial. He further testified that the water therefrom crossed the county road, but at a point some

distance south and below where the defendants claimed that the old bed or channel of the creek was located and far below said thirty-five acre tract. Another witness for the plaintiff was Rodney Smith. He also had been acquainted with the property for over forty years. His father had owned the land lying to the south of plaintiff's land, and only separated therefrom by a ten-acre strip of land lying immediately south of plaintiff's land. He testified that when he was a small boy, so small that he was unable to assist his father, that Houten Creek, at a point considerably east of the point where the defendants claim that the old abandoned channel of the creek began, ran almost due south through plaintiff's property and the intervening ten-acre tract upon the lands of his father; that during the winter the waters of the stream brought down driftwood upon his father's land, and for the purpose of keeping this driftwood from his land his father constructed a dam across Houten Creek at the point just mentioned and diverted the water in a westerly direction so that from that time on it ran in its present channel. He further testified that the waters of said stream never ran any farther west than the present channel except in time of high water. We might mention other evidence in the record to the same effect, but that already referred to is sufficient to warrant the implied finding of the court that the course and channel of Houten Creek did not, and never did, lie through defendants' thirty-five acre tract. As already stated, the only basis upon which defendants can claim that said thirty-five acre tract, or any part thereof, was riparian to said creek rested upon their ability to prove that the original channel of the stream ran through said tract. The finding of the trial court upon conflicting evidence was against this claim of defendants. This, we think, disposes of said thirty-five acre tract in so far as its riparian character is concerned.

Coming now to the land of the defendants referred to as the thirty-acre tract and situated in the northwest quarter of the northwest quarter of section 11, we have an entirely different situation. As we have seen from the statement heretofore made, Houten Creek for some considerable distance before it enters plaintiff's said land runs directly through said thirty-acre tract in section 11. There is no evidence that the lands of the defendant through which

said creek runs have ever been deprived of their original riparian character. There are undoubtedly portions of said thirty-acre tract which are not riparian to said stream. In fact, there is a substantial showing in the record that much, if not all, of the land in said thirty-acre tract upon which the defendants had conveyed water from said stream through the two-inch pipe-line is not riparian to said stream. Had plaintiff confined her efforts in this action to restraining defendants from diverting the waters of said stream for use upon these portions of said thirty-acre tract, she may have secured a judgment which would have been supported by the evidence. But she did not stop there. On the other hand, in her complaint she alleged that none of said thirty-acre tract was riparian to said stream, and that the defendants were without any right to use the waters of said stream upon any part of said thirty-acre tract. The findings and judgment followed her complaint, with the result that the present judgment was rendered whereby all of said thirty-acre tract is adjudged to be nonriparian to said stream and the defendants are enjoined and restrained from using any of the waters thereof upon any of said land. This judgment is against the undisputed evidence in the case, and, therefore, cannot be upheld.

In her complaint plaintiff set up two certain judgments, one in action No. 2460 and the other in action No. 2586, and alleged that the judgment in action No. 2460 was a full and complete determination and adjudication of the water rights of the defendant Davey (one of the defendants in the present action and the predecessor in interest of the other of said defendants) and the plaintiff in this action. Plaintiff further alleged that by the judgment in action No. 2586 the said Davey was permanently enjoined and restrained from maintaining any dam in Houten Creek above the lands of plaintiff for the purpose of diverting any of the waters therefrom for use upon lands belonging to said Davey. As to these allegations the findings of the trial court follow the complaint.

In our opinion neither of said judgments determined any of the issues involved in the present action. In the action No. 2460 the facts briefly related show that the defendant Davey, together with two associates, owned all of the land now owned by the parties to this action. Davey

and associates sold to the plaintiff herein and a Mrs. Fields the land now owned by the plaintiff and the ten-acre tract immediately to the south of plaintiff's said land, and the plaintiff and Mrs. Fields owned and held the same as tenants in common. Thereafter Davey and associates instituted said action No. 2460, claiming that the plaintiff and Mrs. Fields had agreed to relinquish to him and his co-owners all water rights belonging to the land conveyed to them; that they refused to make or sign said relinquishment; that upon said refusal he had demanded a reconveyance to him and his associates of the land conveyed to plaintiff and Mrs. Fields and had tendered back to plaintiff and Mrs. Fields the consideration paid by them for said land. In said action Davey and his associates sought a decree compelling plaintiff and Mrs. Fields to reconvey to him and his associates the said land. The court denied the plaintiffs in said action any relief and held that the plaintiff herein and Mrs. Fields were the owners in fee simple of said land "together with all and singular the tenements, hereditaments and appurtenances thereunto belonging." It is apparent that this judgment does not purport to determine any issue involved in the present action. By the judgment in action No. 2460 the plaintiff herein and Mrs. Fields were confirmed in their ownership of the land purchased by them from Davey and associates, and their riparian rights to the waters of said stream as against Davey and his associates were also, we think, established by said decree. But said judgment went no further. It did not attempt to adjudicate the rights of the plaintiff with reference to the claims of the upper riparian proprietors on said stream. These upper riparian proprietors were Davey and his associates, the predecessors of the present defendants, but their rights as such upper riparian proprietors were not involved in action No. 2460, and the judgment rendered in said action did not in any way affect said rights.

The same conclusion must be reached in reference to the judgment in action No. 2586. At the time this action was commenced the defendant herein, H. C. Davey, had become the owner of the Smith property situated just south of the property purchased by the plaintiff and Mrs. Fields from Davey and his associates. In that action he claimed the right to maintain a dam in Houten Creek above, the point where the same enters the land of plaintiff, and by

means of said dam and a ditch, constructed by Smith before he sold his land to Davey, to divert the waters from said creek and to convey the same across the land of the plaintiff herein and the ten-acre piece lying south thereof for use upon the land purchased by him from Smith. The court held that he had no such right. That action was entitled *Davey* v. *Grigsby*. From the judgment rendered therein Davey appealed, and the decision affirming the judgment is found reported in 51 Cal. App. 220 [196 Pac. 296]. That action, however, did not in any way involve the right of Davey and his associates to use the waters of Houten Creek upon lands owned by them in the northwest quarter of the northwest quarter of said section 11. While the judgment in each of these actions was properly admissible in evidence as showing or tending to show the past transactions between the parties hereto, neither of them was a conclusive determination of any of the issues involved in the present action.

That portion of said judgment restraining defendants from diverting the waters of said stream and using the same upon said thirty-five acre tract in section 10 is affirmed. That portion of said judgment, based upon the finding that no part of said thirty-acre tract in section 11 is riparian to said stream is reversed, with directions to the trial court to ascertain and determine upon the evidence already adduced, and upon such other evidence as said court may deem necessary for the decision of said issue, what portion of said thirty-acre tract is riparian to said stream.

Richards, J., Shenk, J., Langdon, J., Preston, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.