[Civ. No. 7540. Third Dist. Mar. 22, 1949.]

ANGELO FERRIERA et al., Appellants, v. BETH A. WARE et al., Respondents.

Russell F. Milham for Appellants.

Ware & Ware and Phil Ware for Respondents.

ADAMS, P. J.—Plaintiffs brought this action to enjoin defendants from obstructing what plaintiffs refer to as a "public road," and to recover actual and exemplary damages because of the obstruction of said road by defendants where it crosses defendants' land. The action was tried by the court sitting without a jury, and culminated in a judgment for defendants from which this appeal has been taken.

The evidence shows that the property owned by plaintiffs, referred to by them as the "French Gardens," was acquired by them in 1946, and that it adjoins property owned by defendants and known as the Johnson Ranch. The land is not, as the name might suggest, in any sense a garden, but apparently consists mainly of rock piles. The so-called public road, referred to by appellants as the Old River Road, formerly crossed the Johnson Ranch, now owned by defendants, and ended in the land owned by plaintiffs. It is conceded by all parties that the said road was, between 1870 and 1880, a county road maintained by the El Dorado County authorities, but that it was abandoned by the board of supervisors more than 60 years ago. That there was thereafter any such road across defendants' land was denied by defendants, and they produced numerous witnesses whose testimony covered a long period of time, and which denied the existence of such road for many years prior to the bringing of this action, and which tended to show that what plaintiffs call a public road across defendants' lands was no more than a trail impassable for vehicles, covered with willows, filled with logs, driftwood and sand, often overflowed by water from the American River which it adjoins, and only used by persons who crossed the

Johnson Ranch with permission of the owners, or by hunters, fishermen or others who were mere trespassers; and that for many years a wire fence had been maintained across the so-called road where it entered the Johnson Ranch.

Plaintiffs produced some testimony to the contrary, but the most that can be said of it is that it created a conflict. The resolution of such conflict was matter for the trial court; and since there is ample evidence to support the findings of that court, this court is without power to find to the contrary. Those findings were: ". . . that there is no public road called by any name whatever leading to the said French Gardens and connecting with a public road at or near the town of Coloma extending in a northwesterly and southeasterly direction, or in any other direction, across and through the premises owned by defendants Beth A. Ware and Gladys A. White. That no public or private road or easement for travel or right of way in favor of plaintiffs land or any part thereof exists across any portion of the premises of said defendants or affords the sole or any means of ingress or egress to or from any part of the said land owned by plaintiffs." Also "that more than sixty years prior to the commencement of this action, by resolution duly adopted by the Board of Supervisors of El Dorado County, the so-called Old River Road was abandoned as a public road. That thereafter the same was never travelled by the public or anyone in such a manner as to constitute the same a public road or a private road or a right of way or easement in favor of any part of plaintiffs land and against, over or upon any part of the lands of said defendants. That plaintiffs have no private or appurtenant easement of way, annual, periodical or otherwise, in favor of any of their land described in plaintiffs complaint over, upon or across any part of the land owned by defendants."

Appellants make some argument here that their predecessors in interest acquired an easement or right of way over defendants' lands by adverse possession; but they failed to show that there was user sufficient to create an easement, or that any user of such road was made by anyone owning the French Gardens, or, prior to the claims asserted by plaintiffs, that anyone ever laid claim to any such easement; and user by strangers to that title would not inure to plaintiffs or their predecessors in interest even if it met the tests for acquisition of title by prescription as laid down in numerous decisions, which it does not. Appellants also argue that the so-called road

was dedicated to the public by the owners of the Johnson ranch. But they failed to meet the burden of proof cast upon them to show either an easement or dedication. See *Dooling* v. *Dabel*, 82 Cal.App.2d 417, 421-422 [186 P.2d 183], and cases there cited; *Lyons* v. *Schwartz*, 40 Cal.App.2d 60, 65-66 [104 P.2d 383]; *City of Santa Clara* v. *Ivancovich*, 47 Cal. App.2d 502, 507 [118 P.2d 303]; *Bree* v. *Wheeler*, 129 Cal. 145, 147 [61 P. 782]; *Alta Land etc. Co.* v. *Hancock*, 85 Cal. 219, 226 [24 P. 645, 20 Am.St.Rep. 217].

Appellants finally urge that the abandonment of the road as a public highway merely surrendered the right of the public to its use, and did not affect the rights of abutting property owners to its use, citing *Swift* v. *Board of Supervisors*, 16 Cal. App. 72 [116 P. 317]. Even assuming that appellants' lands abutted upon the road (which we do not decide), we find nothing in that case which supports appellants' contentions on appeal. As hereinbefore stated, and as found by the trial court, appellants and their predecessors in interest never had a right to use the road across defendants' lands, except such right as they shared with the public when it was a county road. And when the county abandoned the road as a county road those rights terminated and the owners of French Gardens had no other right to fall back upon; and certainly no right or interest in defendants' lands.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.