[Civ. No. 10705.   Third Dist.   Mar. 31, 1964.]

CLARENCE G. SMITH et al., Plaintiffs, Cross-defendants and Respondents, v. FRANCIS L. RICKER et al., Defendants, Cross-complainants and Appellants.

Michael T. Hennessy for Defendants, Cross-complainants and Appellants.

David W. Packard for Plaintiffs, Cross-defendants and Respondents.

FRIEDMAN, J.—Plaintiffs sought to enjoin defendants' use of a roadway or former roadway traversing plaintiffs' land. The lower court granted the injunction and defendants appeal.

Plaintiffs Smith and defendants Ricker own adjoining properties in Shasta County some miles east of Redding. Both properties are crossed by Cedar Creek, which flows in a southwesterly direction. During the 1890's and for some years thereafter Shasta County maintained a traveled roadway across both properties, parallel to and east of Cedar Creek. About 1918 the road became part of the state highway between Redding and Alturas. (This highway is generally known as U.S. 299. Section 328 of the Streets and Highways Code designates it as State Route 28.) The lower court found that the state ceased to maintain the road in 1932, when it was superseded by a new state highway along the opposite or west bank of Cedar Creek; that substantial portions of the old road were destroyed by a flood in 1937; that thereafter it was not open to through travel; that the State of California abandoned it; that neither the State Highway Commission nor Shasta

County adopted any resolution of abandonment; "that a right-of-way to pass over the former location of such roadway does not remain in the public, nor in defendants."

Plaintiffs and defendants bought their respective properties during the 1950's. Defendants' insistence on using the old roadway caused plaintiffs to lock previously built gates which had been placed across it and ultimately to seek an injunction.

The record does not show that the county or the state ever acquired any formal interest in the land occupied by the old roadway. There was no evidence of any deed or dedication to the public. As to controverted demise of the road, both parties stipulated, and the lower court found, that neither the State Highway Commission nor Shasta County ever adopted a resolution abandoning it. Defendants contend that, in the absence of formal abandonment, the road has a continued public character and defendants, as members of the public, are entitled to unobstructed passage; secondly, even if there was an implied abandonment, defendants as abutting landowners retain a residual easement.

Defendants' second contention is directly contrary to established law. ■ An abutting owner has two kinds of right in a public highway: first, a public right which he enjoys in common with other citizens; second, a special right of access to that portion of the highway on which his own land abuts. (*People* v. *Ricciardi,* 23 Cal.2d 390, 397-398 [144 P.2d 799].) ■ Upon abandonment of a public highway (other than a city street), the abutter's right as a member of the public ceases, and he may not insist on continued use of the highway across the property of other landowners. (*Metzger* v. *Bose,* 183 Cal.App.2d 13, 17 [6 Cal.Rptr. 337]; *Ferriera* v. *Ware,* 90 Cal.App.2d 759, 762 [203 P.2d 797].) We turn to the abandonment issue.

Defendants' primary contention is based upon the thesis that the statutes in force at the time (approximately 1932) did not permit abandonment of state highways without an express resolution of the State Highway Commission. They rely on section 363b of the former Political Code as it read in 1932.*

---

*As amended by Statutes of 1929, chapter 579, Political Code section 363b read in part:

"The [state highway] commission is hereby granted the power to alter or change the route of any road and to abandon any portion thereof, under the jurisdiction of the department of public works, when-

During oral argument this court expressed concern lest the records of the State Highway Commission, of which we take judicial notice, show some action inconsistent with the stipulation and lower court finding negativing a formal resolution of abandonment. At our suggestion counsel then conducted a joint search of the commission's records. They have lodged with us a certified copy of a commission resolution adopted on April 5, 1921, approving recommendations of the state highway engineer concerning Route 28 between Ingot and Montgomery Creek in Shasta County; and a 1933 map of the route as adopted by the 1921 resolution. The map shows the highway in its new location along the westerly side of Cedar Creek. In effect, the 1921 resolution orders the relocation of state Route 28 to the west of Cedar Creek, and this relocation was ultimately accomplished by 1932. The resolution does not expressly abandon or direct abandonment of the old location or of any interest in real property at the old location.

█ Whether relocation of a highway and nonuser of its former site constitute an abandonment of the public interest by implication depends upon two factors: (1) the character of the interest originally acquired by the public, and (2) compliance with statutory formalities. █ In the absence of statute a proprietary interest in the highway site, acquired by deed or dedication, may be lost only through express abandonment; but a public interest acquired by occupancy

ever and wherever in the opinion of the commission such alteration, change or abandonment shall be necessary or advisable by reason of alteration or revision in alignment of portions of routes of state roads or highways or shall be for the best interests of the state.

''The commission may also abandon any lands or parts thereof or rights in lands which have been taken or acquired by the state for state road or highway purposes. Said abandonment shall be by resolution adopted by the California highway commission and a copy of the resolution may be recorded in the office of the county recorder of the county where such route or land to be abandoned is located, without acknowledgment, certificate of acknowledgment or further proof and no fee shall be charged for such recording by said county recorder and thereupon the title to the land so abandoned shall revert to the owner of the fee. The commission is further empowered to relinquish to any county, city or city and county, and portion of any state road or highway within said county, city or city and county, as a county road or city street as the case may be.''

The quoted material was codified as sections 71-73 of the Streets and Highways Code in 1935. Somewhat similar and greatly overlapping provisions existed in Political Code section 365d, which was enacted by Statutes of 1925, chapter 234, and repealed by Statutes of 1933, chapter 326.

and use, without a formal grant, may be extinguished by nonuser, relocation or other evidence of an intent to abandon. (*Brook* v. *Horton,* 68 Cal. 554, 558 [10 P. 204]; *Humboldt County* v. *Van Duzer,* 48 Cal.App. 640, 644 [192 P. 192]; 25 Am.Jur., Highways, § 112; see also *People* v. *Goodin,* 136 Cal. 455, 458 [69 P. 85].) ■ If statutes provide a method for abandonment or vacation of roads, that method is exclusive. (*County of San Diego* v. *California Water etc. Co.,* 30 Cal.2d 817, 823 [186 P.2d 124, 175 A.L.R. 747].)

■ The applicable provisions of former Political Code section 363b were not construed in any reported decision. Each of the two paragraphs quoted in the footnote, *supra,* was a complete statement of powers and duties. The second paragraph required that abandonment be accomplished by an express resolution of the State Highway Commission as to "any lands or parts thereof or rights in lands which have been taken or acquired by the state for state road or highway purposes"; also, that this resolution might be recorded without acknowledgement or fee.

The language of the preceding paragraph of section 363b was markedly different. It did not mention "lands" or "rights in land." It simply empowered the commission to "alter or change the route of any road and to abandon any portion thereof." Especially significant is this paragraph's complete omission of any reference to a resolution or to recordation of a resolution.

It is quite apparent that these two paragraphs of section 363b simply carried into statutory form the twin concepts already established by court-made law—that the public's proprietary interest in land, whether surface ownership or an easement created by grant, could be abandoned only by formal resolution; but such a resolution was not necessary to accomplish an abandonment which did not involve surrender of publicly owned proprietary interests in real estate. Under the first paragraph, abandonment by implication was quite permissible.

The parties' briefs refer us to current provisions of the Streets and Highways Code on the subject of abandonment of state highways, namely, sections 71-73 and 835-837. Many of these provisions were amended at the time of or subsequent to the 1935 codification of the Streets and Highways Code. They have no necessary bearing on the meaning of the Political Code provisions current in 1932. Later amendments do not ordinarily aid in ascertaining the meaning of the pri-

or statute; rather, they demonstrate an intent to change the preexisting law. (Gov. Code, § 9605; *People* v. *Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1].)

██ There is no evidence here that the public, either the county or the state, ever acquired any proprietary interest in the site of the old roadway. Thus the public had nothing more than a right of passage over the land. (*Gurnsey* v. *Northern Cal. Power Co.*, 160 Cal. 699, 705 [117 P. 906, 36 L.R.A. N.S. 185]; *Wright* v. *Austin*, 143 Cal. 236, 240-241 [76 P. 1023, 101 Am. St. Rep. 97, 65 L.R.A. 949].) Since the State of California never owned any "lands ... or rights in lands," abandonment could be accomplished under the first paragraph of Political Code section 363b, that is, it could be accomplished without a formal resolution.

██ Defendants point to statutes governing the procedure for abandonment of county roads by boards of supervisors. We gather, by inference, that defendants rely not only on the absence of a State Highway Commission resolution, but also on absence of formal abandonment proceedings by the Shasta County Board of Supervisors. Such reliance would rest upon the assumption that relocation of the state highway silently placed the superseded segment back in the county road system. Such an assumption would run counter to the applicable statutes. Both sections 363b and 365d of the Political Code provided for a "relinquishment" in order to accomplish a transfer from the state to the county road system. There is no evidence of such a relinquishment here.

The trial court found that the state did in fact abandon the disputed segment of the roadway. Since that finding did not require evidence of a formal abandonment resolution and rests upon sustantial evidence of intent to abandon, it is not subject to attack.

Judgment affirmed.

Pierce, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied April 24, 1964, and appellants' petition for a hearing by the Supreme Court was denied May 27, 1964.