[Civ. No. 27606.   Second Dist., Div. One.   Oct. 16, 1964.]

THE CITY OF LOS ANGELES, Plaintiff and Respondent,
v. SARA LAINER et al., Defendants and Appellants.

Hansen & Dolle, Edward Flam and Hodge L. Dolle for Defendants and Appellants.

Roger Arnebergh, City Attorney, Weldon L. Weber, Assistant City Attorney, R. S. McLaughlin and Brian D. Crahan, Deputy City Attorneys, for Plaintiff and Respondent.

WOOD, P. J.—This is an eminent domain action pertaining to the improvement and construction of public streets in Los Angeles as a part of a railroad grade separation project known as the Laurel Canyon Boulevard and Sherman Way Grade Separation project.

Defendants' real property consisted of approximately 4 acres which adjoined the north side of Sherman Way for a distance of approximately 536 feet. Sherman Way was a through east-west highway which intersected Radford Avenue about 540 feet east of defendants' property (Radford being the next intersecting street to the east), and intersected Laurel Canyon Boulevard, at grade, about 200 feet

west of their property (Laurel being the next intersecting street to the west of their property). Laurel Canyon Boulevard is a through north-south highway.

Defendants Mr. and Mrs. Lainer owned an undivided one-half of the property (referred to as Parcels No. 24A), and defendants Mr. and Mrs. Loew owned the other undivided one-half thereof.

The improvement project involved the relocation of Sherman Way to the east and south of defendants' property so that it would underpass the railroad right-of-way and tracks of the Southern Pacific Company; and the project involved the widening and lowering of Laurel Canyon Boulevard so that it would underpass the railroad right-of-way and tracks. Such widening and lowering of Laurel Canyon Boulevard was done on property which the city acquired from other persons (who owned the property at the intersection of Laurel Canyon and Sherman Way).

After the construction, the defendants' property did not adjoin Sherman Way which was reconstructed or relocated several feet south of the place where Sherman Way had been prior to the improvement. The street space south of defendants' property, which had been known as Sherman Way, was renamed ''Cantlay Street,'' and the west end of the new street was a cul-de-sac at the east side of Laurel Canyon Boulevard, which boulevard as above stated had been lowered in order to underpass the railroad tracks. That boulevard had been lowered about 17 feet from its former position at grade with the old Sherman Way. In other words, as a result of the changes made, the defendants did not have access to Laurel Canyon Boulevard over the new Cantlay Street which ended in a cul-de-sac east of Laurel Canyon Boulevard, which boulevard was several feet below the place where it formerly joined old Sherman Way at grade.

In making the cul-de-sac at the west end of Cantlay Street, a triangular portion of the southwest corner of defendants' property, containing 950.4 square feet, was taken by plaintiff. Also, in making the new Cantlay Street at the place where it curves to the north at the southeast corner of defendants' property, a triangular portion of the southeast corner of the property, containing 184.7 square feet, was taken by plaintiff. No other part of defendants' land was taken for the improvement project. Except for the place where the new street was in front of defendants' property, as above indicated, the part of the new street in front of defendants' property

was improved within the space where old Sherman Way had been located.

During a conference in chambers the trial judge ruled that he would exclude evidence to be offered by defendants regarding: (1) severance damages to the larger remaining parcel by reason of loss of direct access to Sherman Way which abutted defendants' property under the previously existing condition; (2) severance damages by reason of the loss of abutter's rights of light, view, and air, as the rights existed under the previous condition; (3) diminution in value or severance damages by reason of the cul-de-sac and the loss of access from defendants' property to the next intersecting street, Laurel Canyon Boulevard, as it existed in the previous condition.

The parties stipulated as follows: (1) the value of the parcels taken (two small triangular parcels) was $2,000; (2) that in the light of the judge's ruling in chambers regarding evidence to be offered by defendants, the diminution in value or severance damages to the larger portion by reason of the taking of the two small triangular parcels would be zero.

At the trial, the plaintiff presented a prima facie case in eminent domain. Plaintiff also presented evidence (testimony of a structural engineer) regarding certain physical aspects of the grade separation project.

Defendants made an offer of proof of testimony of Mr. Metcalfe, a qualified real estate appraiser and expert witness, that in his opinion the severance damage to the larger remaining parcel, after the taking and after the construction of the improvement, would be $282,000. He testified that in arriving at his opinion he considered the following matters: the relocation of Sherman Way; the loss of any and all direct access to Sherman Way as it existed before the taking; the impairment of view to the property, and from the property, or between the property and Sherman Way as it existed before the taking; the loss of direct access to Laurel Canyon as it existed before the taking. He testified further that, after considering all those matters, he found a reduction in market value of the remainder after the taking and after the construction of the proposed improvements, and that the difference between the before and the after value represented the severance damage.

Defendants also offered to prove by the testimony of Mr. Williams, a qualified real estate appraiser and witness, that in his opinion the severance damage to the larger remaining

parcel would be $298,000. He testified further that the reasons for his opinion were the same as those given by Mr. Metcalfe.

The offer of proof concerning severance damage was denied.

The interlocutory judgment ordered the taking of Parcels No. 24A (the two small triangular parcels) and the payment of damages for the taking in the amount of $2,000.

Appellants (defendants) contend that they were entitled to present evidence of damage to their remaining property, caused by (1) impairment of access to the next intersecting street, Laurel Canyon Boulevard, and (2) the impairment of access to and visibility to and from the abutting highway, Sherman Way. They also contend that the court erred in denying their offer of proof concerning such alleged damage to their property.

In a recent case (decided August 20, 1964), *Breidert* v. *Southern Pacific Co.,* 61 Cal.2d 659 [39 Cal.Rptr. 903, 394 P.2d 719], it was said at the beginning thereof: "In this case of inverse condemnation we must decide whether a property owner who loses the use of the next intersecting street which affords him access to the general system of public streets should be compensated. As we point out, although the bare allegation of a cul-de-sac does not in itself suffice to establish a compensable right, a showing of a substantial impairment of the property owner's right of access to the system of public streets does so. Since the complaint in this case alleges such substantial impairment, it withstands a general demurrer." In that case the plaintiffs were the owners, lessors, and lessee of real property fronting on Vaughn Street which extended east and west. The property was at the southeast corner of Vaughn and the right-of-way of the Southern Pacific Railroad, which extended north and south. San Fernando Road was immediately to the west of the right-of-way and parallel to it. When plaintiffs acquired the property in 1953, and until 1959, Vaughn Street crossed the railroad right-of-way and intersected San Fernando Road. Plaintiffs and the public used the Vaughn Street crossing as a means of access to and from San Fernando Road. In 1959 defendants placed barricades across Vaughn Street along the easterly and westerly lines of the right-of-way and closed the crossing. In that case it was said (p. 663): "The principal issue of the case resolves into whether the closing of the Vaughn Street crossing so impaired plaintiffs' right of access in that street as to constitute a taking or damaging

of property entitling them to compensation.'' In that case it was also said (pp. 663-664) : ''Not every interference with the property owner's access to the street upon which his property abuts and not every impairment of access, as such, to the general system of public streets constitutes a taking which entitled him to compensation. Such compensation must rest upon the property owner's showing of a *substantial impairment* of his right of access to the general system of public streets. The determination of whether such substantial impairment has been established must be reached as a matter of law. The extent of such impairment must be fixed as a matter of fact. . . . Substantial impairment cannot be fixed by abstract definition; it must be found in each case upon the basis of the factual situation.'' It was stated further therein (pp. 666-667) : ''In summary, the rule which emerges constitutes one of substantial impairment of the right of access. Although destruction of access to the next intersecting street in one direction constitutes a significant factor in determining whether the landowner is entitled to recovery, it alone cannot justify recovery in the absence of facts which disclose a substantial impairment of access.'' (See also *Valenta* v. *County of Los Angeles,* 61 Cal.2d 669 [39 Cal.Rptr. 909, 394 P.2d 725], decided August 20, 1964.)

In the present case it is clear that the offer of proof as to damages to the larger remaining parcel included proposed testimony to the effect that there was substantial impairment to the right of access. Applying the rule of the *Breidert* and *Valenta* cases herein, the offer of proof presented a factual issue as to substantial damages to defendants herein from loss of access to the next intersecting street and to the general system of streets under the proposed improvement. The court erred in denying defendants' offer of proof.

In view of the above conclusions, it is not necessary to discuss other contentions on appeal.

The judgment is reversed.

Fourt, J., and Lillie, J., concurred.