STATE OF INDIANA *v.* HASTINGS ET AL.

[No. 30,299. Filed May 13, 1965.]

*Edwin K. Steers,* Attorney General, and *Robert E. Robinson,* and *Sue Blodgett Shields,* Deputy Attorneys General, for appellant.

*Roscoe Hollingsworth, Ben M. Scifres,* and *Scifres & Hollingsworth,* of Lebanon, for appellee.

JACKSON, J.—Appellees commenced this action in the trial court as an inverse condemnation action. Their complaint alleged that an interest in the land, the right of ingress and egress to and from the adjoining highway, had been appropriated by the appellant without just compensation. Appellant's objection to said complaint and action were overruled. The trial court thereupon appointed appraisers to assess the alleged damages sustained by appellees as the result of the alleged taking. Thereafter, the appraisers filed their report and both parties filed exceptions thereto and the State requested that the amount of damages be determined by a jury.

During the jury trial appellees introduced evidence of loss of business to which the appellant objected. The trial court also instructed the jury that they could allow appellees a sum of money for loss of business, to which the appellant objected.

Interrogatories were submitted to the jury among which was the following: "Did you include in your verdict any damages for the loss of business?" The answer was "yes".

The verdict of the jury reads as follows:

"We, the jury, find for the plaintiffs, Gordon Hastings and Betty Hastings, husband and wife, in the sum of $65,000.00 and we further find that the right of access was taken on the 1st day of July, 1959, from which date said amount will draw interest at the rate of six percent per annum."

Judgment was rendered on the verdict as follows:

" . . . Judgment that plaintiffs have and recover of and from the defendant the sum of $65,000.00 and that said judgment shall bear interest at 6% per annum from July 1, 1959, until paid and costs taxed at $——; . . . "

After the return of the verdict and prior to the rendition of the judgment thereon, the defendant moved to set aside the general verdict on the basis of the answer to the interrogatories. The court overruled the motion to which ruling the defendant excepted, and thereafter the defendant filed his motion for a new trial. The motion for new trial contains fourteen grounds, most of which were in the form of objections to the introduction of testimony as to the value of the appellees business. Objections were also made to the giving of plaintiffs' tendered final instructions Nos. 1 and 2, and to the refusal of the court to give defendant's tendered final instruction No. 2. Appellees' instruction No. 1, the objection thereto, and appellees' instruction No. 2 and the objection thereto are set out verbatim.

No. 1. "The court instructs you that if you find that the State of Indiana, by the construction of a limited access highway in question, destroyed or impaired the access to the real estate on which plaintiffs' property abutted and the plaintiffs were damaged by reason thereof, then, in determining plaintiffs' damages, you should find the difference between the fair market value of the abutting property immediately before and immediately after the destruction and impairment of said access, and this difference so found would be the damages to the real estate sustained by the plaintiffs. This in turn is based upon the highest and best use to which the land involved is best suited before and after the access thereto is molested.

"And if you further find, by reason of such impairment or destruction of access, the plaintiffs could no longer operate their restaurant business at a profit and were compelled to close the same and were damaged, you should find the difference between the fair market value of their business

immediately before and immediately after the taking of the access, and such difference, if any, would be the damage to the business as sustained by the plaintiffs. And if you find that the plaintiffs were so damaged, then the addition of these two amounts would constitute the whole damage sustained by the plaintiffs, and your verdict should be for the plaintiffs in such amount."

The objection thereto reads as follows:

"The defendant, State of Indiana, objects to the giving of Plaintiffs' Tendered Instruction No. 1 for the reason that it states the jury may consider and allow damages for loss of business and business loss is not legally compensable in the State of Indiana, and the giving of this instruction will inform the jury that it is proper to so allow said type of damage."

Plaintiffs' tendered final instruction No. 2 reads as follows:

"The Court instructs you that in arriving at damages and determining the values, you have a right to consider whether the plaintiffs' restaurant operation was a going concern, whether the location of the restaurant was good or otherwise, the length of time they had been in business, profits realized from the operation of such business and any and all other facts and circumstances, as shown by the evidence and bearing upon and relating to the question of damages."

The objection to the giving of the foregoing instruction reads as follows:

"The defendant, State of Indiana, objects to the giving of plaintiffs' Tendered Final Instruction No. 2 for the same reasons as recited in the objection to the giving of Plaintiffs' Tendered Final Instruction No. 1."

Defendant's Tendered Final Instruction No. 2 reads as follows:

"The Court instructs you that, under the laws

of the State of Indiana, you should allow no dam-
ages for loss of business."

Ground 13, in the motion for a new trial, is that the
verdict of the jury is contrary to law.

Ground 14, is that the court erred in overruling de-
fendant's motion to set aside the general verdict.

On the 31st day of May, 1962, the trial court over-
ruled the appellant's motion for a new trial.

The assignment of errors contains two specifications:

"1. The Trial Court erred in overruling the Appel-
lant's Motion For New Trial.
"2. The Trial Court erred in overruling Appel-
lant's Motion To Set Aside The General Ver-
dict."

The undisputed evidence is that the State bulldozed
the entrances which had been constructed by appellees,
dug them up and erected a fence, all of which was done
on State property. Thus it appears that there was no
land of appellees taken by the State and that appellees
were deprived only of direct access to the new limited
access highway, as well as the investment in the con-
struction of the access route from the highway to their
business establishment.

There was evidence introduced by the appellees as to
the value of the property, including the personal prop-
erty, and also evidence as to the value of the business
prior to the elimination of direct access to the new high-
way. This evidence was introduced over objections of the
appellant; exceptions were saved as to the action of the
court in admitting such evidence over objections.

The parties are in agreement that we are here con-
cerned with a single question, that being is loss of busi-
ness compensable as damages under the Indiana Emi-
nent Domain Law? Appellees' rely upon the decision of
this court in the case of *State* v. *Stabb* (1948); 226

Ind. 319, 79 N. E. 2d 392, for support for its proposition that appellees are entitled to compensation in the instant case. In that case at page 323 the court said, "[i]t is generally held that no damages should be allowed in a case of this kind for the loss of business, good will or profits from the business where only the land and not the business is being taken unless the statute under which the proceedings is had provides such an element of damage." Appellees then say the court proceeded in the cited case to apply the exception to the rule mentioned in clause four of Acts 1935, ch. 76, §3, p. 228, being §3-1706, Burns' 1946 Replacement, which reads as follows:

> "Fourth. Such other damages, if any, as will result to any persons or corporation from the construction of the improvements in the manner proposed by the plaintiff."

The court further said:

> " . . . Clauses one, two and three of this section cover all the damages sustained by the property taken and the residue; therefore, clause four must refer to damages other than damages to the property involved. It includes any direct consequential damages suffered by any person due to the construction of the improvement." *State* v. *Stabb* (1948), 226 Ind. 319, 324, 79 N. E. 2d 392.

In the present case no actual real property was appropriated by the State, but only the direct access from the highway into the property was taken and a fence constructed on the line between the right-of-way and the property of the appellees. The right of access was taken by virtue of Acts 1945, ch. 245, §5, p. 1113, being §36-3105, Burns' 1949 Replacement, which provides:

> "For the purposes of this act, such authorities of the state, counties, cities, or towns, may acquire private or public property and property rights for limited access facilities and service roads, including rights of access, air, view, and light, by gift, devise, purchase or condemnation

in the same manner as is now or hereafter may be provided by law to acquire such property or property rights for the laying out, widening or improvement of highways and streets within their respective jurisdictions. In the acquisition of property or property rights for any limited access facility or portion thereof, or service road in connection therewith, the state, county, city or town, may, in its discretion, acquire an entire lot, block, or tract of land, if by so doing, the interests of the public will be best served, even though said entire lot, block, or tract is not immediately needed for the right-of-way proper but is otherwise useful or necessary in the carrying out of the purposes of this act. The rights of all property owners who may claim damages, as provided by the Constitution of the state of Indiana, are preserved herein and may be enforced under the present laws of the state of Indiana."

The appellees owned the real estate and also owned and operated the restaurant business located on it. By the loss of the direct access and the taking thereof, the resultant alleged harm to the owners was the damage to their real estate and business. The appellant's position is that the law is well settled that the owner or occupant of land on which a business is conducted is not entitled to recover compensation for the destruction of, or injury to, his business in an eminent domain proceedings, and in support of that proposition cites the following cases: *United States* v. *Petty Motor Co.* (1946), 327 U. S. 372; *Boston Belting Co.* v. *City of Boston* (1903), 183 Mass. 254, 67 N. E. 428.

The situation, as reflected in the case at bar, represents several facets that require examination. The fact situation, disclosed by the record, affirmatively shows no actual taking of appellees' real estate, but does disclose that appellees were deprived of direct access to their place of business by the construction of the limited access highway, the destruction of their means of direct ingress and egress to their place of business and the

construction of the fence on the property line by appellant. The record further discloses that appellees were not entirely deprived of access, ingress or egress, although they were, after the construction of the limited access highway and the destruction of the driveways and the erection of the fence on a cul-de-sac, and admittedly access to appellees' property was more difficult than it was prior to the completion of the highway as one of limited access.

This court has previously held that where there is no actual taking of property under the eminent domain act or the limited access act of 1945, and the action complained of merely deprives one of convenient access requiring the use of a more circuitous route, compensation is not allowable. It is allowable only in the event of a deprivation of access, leaving the property without reasonable means of ingress and egress. *State in its sovereign capacity, John Peters, et al.* v. *Leland W. Tolliver, et al.* (1965), 246 Ind. 314, 205 N. E. 2d 672; *Valenta* v. *County of Los Angeles* (1964), 39 Cal. Rptr. 909, 394 P. 2d 725; *Barnes* v. *North Carolina State Highway Comm.* (1962), 257 N. C. 507, 126 S. E. 2d 732; *Commonwealth Dept. of Highways* v. *Carlisle* (1962), Ky. 363 S. W. 2d 104; *Iowa State Highway Com.* v. *Smith* (1957), 248 Ia. 869, 82 N. W. 2d 755; *People ex rel. Dept. of Public Works* v. *Russell* (1957), 48 Cal. 2d 189, 309 Pac. 2d 10; *Carazolla* v. *State* (1955), 269 Wis. 593, 70 W. 2d 208, 71 N. W. 2d 276; 43 A. L. R. 2d 1068; 3 Nichols, Eminent Domain, §10.2211 (4th Ed. 1962); 4 Nichols, Eminent Domain, §12.2431 (4th Ed. 1962); Clark, The Limited-Access Highway, 27 Wash. L. Rev. 111, 121 (1952); Cunningham, The Limited-Access Highway from a Lawyers Viewpoint, 13 Mo. L. Rev. 19 (1948); Freeways and the Rights of Abutting Owners, 3 Stanford L. Rev. 298 (1951).

In the case at bar we are confronted with the fact that the statute expressly provides for compensation to abutting property owners for the loss of access [Acts 1945, ch. 245, §§36-3102—3105, Burns' 1949 Replacement, *supra*]. This court has recently held "[t]he fact that appellees still have a somewhat limited access to Caven Street at the south does not compensate them for their loss of ingress and egress to the west to and from Madison Avenue, nor does the fact that appellant has made a small portion of old Madison Avenue into a dead end service road proceeding solely into Caven Street at the south permit the cutting off of ingress and egress in Madison Avenue without compensation." *State* v. *Geiger & Peters, Inc.* (1964), 245 Ind. 143, 196 N. E. 2d 740.

We thus have a fact situation where the right of ingress and egress formerly enjoyed by appellees has been taken and by virtue of the statute and recent decisions of this court such taking, under the circumstances here delineated, require compensation therefor to appellees.

We next consider the appellees instructions numbered one and two and the objections thereto interposed by the appellant. We are inclined to the belief, and here so hold, that the greater weight of authority does not permit the inclusion of profits from a business to be used as a determinant in arriving at the value of real estate, or access, in a condemnation proceeding. See: *Elson, et al.* v. *City of Indianapolis etc.* (1965), 246 Ind. 332, 204 N. E. 2d 857.

We are of the opinion that the giving of appellees instructions numbered one and two over the objection of appellant constituted reversible error; and since the answers to the interrogatories show that the jury included in its verdict damages for the loss of such business resulting from the partial loss of access as a result of the establishment of the limited access

highway, and since this was not a proper element of damages, the verdict was contrary to law. In view of the decision we have reached we need not consider the other questions raised in this appeal.

The judgment is reversed and remanded with instructions to grant appellant's motion for a new trial.

Myers, J., concurs.

Arterburn, C. J., concurs in result.

Achor, J., concurs with opinion.

Landis, J., dissents.

## CONCURRING OPINION

ACHOR, J.—It occurs to me that an additional statement in support of the decision of the court herein is appropriate for the purpose of clarifying what, in my opinion, is the applicable law where there is a taking of a business property or of the access thereto.

As stated in my concurring opinion in the case of *Elson* v. *City of Indianapolis* (March 9, 1965), 204 N. E. 2d 857, 863, in a condemnation proceeding, it seems appropriate that evidence may be admitted as to the volume of business conducted on the premises involved, for the sole purpose of establishing the suitability, and therefore the value of the property for the purpose for which it is used. Similarly, as this court held, the rental received for a business property may properly be considered in determining the value of the property appropriated. *Hagemann et al.* v. *City of Mount Vernon et al.* (1958), 238 Ind. 613, 154 N. E. 2d 33.

However, in a condemnation proceeding, the business operated on the property appropriated is not taken but remains the property of the condemnee, and the profits realized from such a business operation are subject to many intangibles, such as the personality and business ability of the proprietor thereof, which can in many in-

stances be profitably employed in another location. Therefore, although loss of business may be considered as it is related to the character, and therefore the value of the land appropriated, the loss of profits from a business operated thereon may not be considered as an element of damages. This is true because, first, as noted above, loss of profits, which necessarily includes the elements of good will and the business ability of the proprietor of the particular business, is too speculative to be considered as a significant factor in determining the value of the property appropriated. *Hagemann et al. v. City of Mount Vernon et al., supra.* And secondly because, as noted in my concurring opinion in the *Elson* case, *supra,* the statute was not intended to authorize the payment of such damages.[1]

For these reasons, I am of the opinion that the second paragraph of appellee's instructions number 1 and appellee's instruction number 2 were erroneous and that the giving of such instructions constituted reversible error.

NOTE.—Reported in 206 N. E. 2d 874.

1. This court may have been mislead as to the proper construction of §3-1706, Burns' 1946 Replacement in State v. Stabb (1948), 226 Ind. 319, 79 N. E. 2d 392, because the briefs gave little attention either to the historical background of the pertinent provision of the statute or to the almost universal construction placed thereon in other jurisdictions.