[Civ. No. 8700.   Fourth Dist., Div. Two.   June 21, 1968.]

C. E. NORCROSS et al., Plaintiffs, Cross-defendants and Appellants, v. WILLIAM ADAMS et al., Defendants, Cross-complainants and Respondents.

James L. King for Plaintiffs, Cross-defendants and Appellants.

Fred H. Almy and Robert M. Castle for Defendants, Cross-complainants and Respondents.

TAMURA, J.—This action arises out of a dispute between owners of property abutting an abandoned county road respecting their rights in and to the strip of land formerly constituting the road. Plaintiffs (husband and wife) brought this action to enjoin defendants (the Adams, Degenharts and Jacquarts) from building upon and fencing off portions of the road, for a decree adjudging plaintiffs to be the owners of a permanent easement over it for ingress and egress, and for damages. Defendants countered with a cross-complaint to quiet title and for damages. The court denied the relief sought by plaintiffs and entered judgment quieting title in defendants. Plaintiffs appeal from the judgment.

The abandoned 30-foot road ran in a northerly and southerly direction with its northerly terminus at 29 Palms Highway, the latter being the principal east-west thoroughfare in the community of Yucca Valley. There are paralleling streets to the east and west of the abandoned road—Apache Trail on the west and Acoma Trail on the east—having their northerly termini at 29 Palms Highway.

Plaintiffs own two lots to the east of the road which are described as "Lot 2, and the east 3.65 feet of Lot 1, and all of Lot 47, Tract 3866. . . ." Lot 2 and the described portion of lot 1 do not abut the road and are not involved in this action. Lot 47 lies about 150 feet south of 29 Palms Highway and is bounded on the west by the road in dispute and on the east by Acoma Trail.

The Adams own three lots on the west side of the road—lots 115 and 116 of tract 2865 and lot 73 of tract 3004. Lot 116 abuts the road and extends southerly from 29 Palms Highway; lot 115 fronts on 29 Palms Highway and lies adjacent to and west of lot 116; lot 73 abuts the road and is south of and

separated from lots 115 and 116 by a 30-foot dedicated alley. The Degenharts and Jacquarts own lot 74 of tract 3004 which adjoins and lies immediately to the south of lot 73.

The road in question came into existence in 1946 when the predecessors in interest of the lots now owned by defendants dedicated to the county a public road easement over the east 30 feet of lot 116 of tract 2865 and the east 30 feet of lots 73 and 74 of tract 3004.

The official map of tract 3866 in which plaintiffs' lots are located was recorded in October 1952 and shows a ''30-foot existing road and utility easement'' running southerly from 29 Palms Highway along the westerly boundary of the tract.

In December 1960 the Board of Supervisors of San Bernardino County recorded a resolution ordering the abandonment of the road easement except as to lot 73. The exception preserved that portion of the disputed road abutting lot 73, as well as the dedicated alleyway between lots 115 and 116 and lot 73.

The Adams acquired lots 115 and 116 of tract 2865 and lots 73 and 74 of tract 3004 in 1960 and, in February 1964, conveyed lot 74 to the Degenharts and Jacquarts.

Plaintiffs acquired their lots in August 1964 from strangers to the present action. In June 1961 plaintiffs' predecessor in interest commenced construction of improvements on lot 47, theretofore unimproved, and plaintiffs constructed additional improvements in 1964 after they acquired the property.

In early 1965 the Adams commenced construction of a two story building on lots 115 and 116 which building extended across the 30-foot strip. About the same time the Degenharts installed a chain link fence along the easterly line of the abandoned road for the length of lot 74.

Plaintiffs claimed a private easement to use the abandoned strip for ingress and egress to lot 47 on the fact that the deed to the lot described it by reference to a recorded tract map showing the lot abutting an existing public road. They also attempted to establish a right by prescription, but the evidence was conflicting respecting the use of the strip of land. Although several witnesses testified that it was used by the general public, others testified that there never had been any appreciable use and that vehicles travelled across and all over the lots in the area and particularly across lots 115, 116 and 73. The court found against plaintiffs on the issue of a right by prescription.

Considerable testimony was introduced on the issue of damages claimed to have been suffered by plaintiffs, but in view of

the conclusion we reach, it is unnecessary to review that evidence.

Plaintiffs' sole contention is that the undisputed evidence shows that they have a private easement over the strip of land in question which was unaffected by the abandonment of the road (1) because the deed by which they acquired title to lot 47 described it by reference to a recorded tract map which showed the lot abutting a public road, and (2) because an owner of property abutting a public highway, in addition to the rights enjoyed by the public, has certain private rights which may not be taken without payment of just compensation. Plaintiffs concede that they are bound by the trial court's finding· that a right by prescription had not been established and that issue is, therefore, not before us.

It is a well-settled rule in this state that the recordation of a tract map delineating streets followed by the conveyance of lots by reference to the map presumptively conveys to the grantee fee title to one-half of the street on which the property abuts and a private easement to use the streets shown on the map. (*Neff* v. *Ernst*, 48 Cal.2d 628, 636 [311 P.2d 849]; *Danielson* v. *Sykes*, 157 Cal. 686, 689 [109 P. 87, 28 L.R.A. N.S. 1024]; *Johnstone* v. *Bettencourt*, 195 Cal.App. 2d 538, 541 [16 Cal.Rptr. 6]; see *Hocking* v. *Title Ins. & Trust Co.*, 37 Cal.2d 644, 650 [234 P.2d 625, 40 A.L.R.2d 1238]; *Fristoe* v. *Drapeau*, 35 Cal.2d 5, 9 [215 P.2d 729].) The presumption applies even though the road has been vacated or abandoned prior to the conveyance. (*Neff* v. *Ernst, supra,* at p. 635; *Anderson* v. *Citizens Sav. etc. Co.*, 185 Cal. 386, 397 [197 P. 113].) Private rights so acquired are unaffected by an abandonment or vacation of the street. (*Neff* v. *Ernst, supra,* at p. 636.)

However, an implied grant presupposes ownership of the street by the one who recorded the tract map. (*Danielson* v. *Sykes, supra,* 157 Cal. 686, 690; *Murray* v. *Title Ins. & Trust Co.*, 250 Cal.App.2d 248, 254 [58 Cal.Rptr. 273].) Where the abutting street is not a part of the recorded subdivision, the doctrine of implied grant can have no application. (*Sanchez* v. *Grace Methodist Episcopal Church*, 114 Cal. 295 [46 P. 2]; *Murray* v. *Title Ins. & Trust Co., supra*; see *Anderson* v. *Citizens Sav. etc. Co., supra,* 185 Cal. 386; *Wagner* v. *Chambers,* 232 Cal.App.2d 14, 19 [42 Cal.Rptr. 334]; *Pinsky* v. *Sloat,* 130 Cal.App.2d 579, 585 [279 P.2d 584].)

In the present case the evidence shows that the road was never a part of tract 3866 in which plaintiffs' lot 47 was

situated, but, in fact, was created by the dedication of the 30-foot strip by the lot owners of the adjoining tract.

Plaintiffs rely upon *Neff* v. *Ernst, supra,* 48 Cal.2d 628, as supporting their position. However, the abandoned streets in that case were within the recorded subdivided tract and the contesting parties deraigned title from a common grantor who, in turn, acquired the properties from the original subdivider.

Even in a situation where the street was originally within the tract, it has been held that where there has been an abandonment followed by a severance of ownership of fee title to the abandoned road from the lot on which it abuts, the presumption of title derived from the fact that the tract map shows an abutting street can have no application. (*Murray* v. *Title Ins. & Trust Co., supra,* 250 Cal.App.2d 248, 255.)

In the instant case, in addition to the fact that the strip of land in dispute and the plaintiffs' lot have never been in common ownership, a resolution of abandonment had been of record for almost four years before plaintiffs acquired lot 47. In these circumstances plaintiffs may not assert a private easement on the theory of an implied grant.

It has been repeatedly stated, however, that an abutting owner has, in addition to a right enjoyed in common with the general public, certain private rights in the abutting street which arise from the ownership of property contiguous to the street, whether or not he owns the underlying fee. (*Lane* v. *San Diego Elec. Ry. Co.,* 208 Cal. 29, 33 [280 P. 109]; *Fairchild* v. *Oakland & Bay Shore Ry. Co.,* 176 Cal. 629 [169 P. 388]; *People* ex rel. *Dept. Public Works* v. *Giumarra Vineyards Corp.* 245 Cal.App.2d 309, 315 [53 Cal.Rptr. 902]; 10 McQuillin, Municipal Corporations, § 30.54.) The rule has been evolved by judicial decisions but its precise origin is obscure. (*Bacich* v. *Board of Control,* 23 Cal.2d 343, 350 [144 P.2d 818].) Damages resulting from substantial interference with such rights of the abutting owner, whether by construction of public improvements (*Bacich* v. *Board of Control, supra; People* v. *Ricciardi,* 23 Cal.2d 390 [144 P.2d 799]; *Rose* v. *State of California,* 19 Cal.2d 713, 727-728 [123 P.2d 505]) or by vacation or abandonment of the street (*Phillips* v. *City of Pasadena,* 27 Cal.2d 104, 106-107 [162 P.2d 625]; *Simpson* v. *City of Los Angeles,* 4 Cal.2d 60, 65-66 [47 P.2d 474]; *Cramer* v. *County of Los Angeles,* 96 Cal.App.2d 255, 256 [215 P.2d 497]; *Constantine* v. *City of Sunnyvale,* 91 Cal.App.2d 278, 284 [204 P.2d 922]), are compensable. Compensability of damages occasioned by such interference with

the abutting owner's rights extends both to public roads in unincorporated territory (*Valenta* v. *County of Los Angeles*, 61 Cal.2d 669 [39 Cal.Rptr. 909, 394 P.2d 725]) as well as to streets in incorporated territory (*Breidert* v. *Southern Pac. Co.*, 61 Cal.2d 659 [39 Cal.Rptr. 903, 394 P.2d 719]). In *Valenta supra*, at p. 672, the court abolished as indefensible the distinction in this respect between city streets and county roads and disapproved dicta to the contrary in *Levee Dist. No. 9* v. *Farmer*, 101 Cal. 178 [35 P. 569, 23 L.R.A. 388], and *Swift* v. *Board of Supervisors*, 16 Cal.App. 72 [116 P. 317], where the court held that an abutting owner is not entitled to injunctive relief against a proposed abandonment of a county road. *Valenta* disapproved the language in those cases to the effect that an abutting owner could not recover damages for loss of access to a county road as distinguished from a city street.

In does not follow, however, that an abutting owner whose private rights, if any, stem from the mere fact that his property is contiguous to a county road as contrasted with one whose rights are derived from an express or implied grant may, upon abandonment, insist upon its continued use as against the fee owner of the road or recover damages against him for its closure. (*Smith* v. *Ricker*, 226 Cal.App.2d 96, 98 [37 Cal.Rptr. 769]; *Ferriera* v. *Ware*, 90 Cal.App.2d 759, 760-762 [203 P.2d 797].) It has been held that where the vacation or abandonment of a road has resulted in compensable damage to an abutting owner, the governmental agency authorizing the closure is liable for such damages and not the person who may have benefitted by it, unless collusive fraud is apparent from the facts and circumstances surrounding the transaction. (*Constantine* v. *City of Sunnyvale, supra,* 91 Cal.App.2d 278, 284; 11 McQuillin, Municipal Corporations, § 30.18, p. 132.) The foregoing holding in *Constantine, supra,* is particularly applicable to the facts of the present case where plaintiffs' claim must rest, not on an express or implied grant of a private easement, but on common law abutters' rights, and where they purchased their lot with notice, both actual and constructive, of the fact that road had been abandoned some four years earlier.

The board of supervisors is empowered to abandon a county road by following the prescribed statutory procedure. (Sts. & Hy. Code, §§ 956.8-960; *County of San Diego* v. *California Water etc. Co.*, 30 Cal.2d 817, 822 [186 P.2d 124, 175 A.L.R. 747]; *Cramer* v. *County of Los Angeles, supra,* 96 Cal.App.2d

255.) Upon abandonment, if the county owns only an easement, title to the easement reverts to the owners of the underlying fee free of the public easement, except to the extent reserved in the order of abandonment. (Sts. & Hy. Code, § 960.) In the instant case there is no suggestion that the board of supervisors failed to follow the statutory procedure or that there was collusive fraud. Any claim for alleged damages occasioned by the abandonment of the road should, therefore, have been presented to the county rather than defendants. We express no opinion whether such a claim, had one been timely filed, could have been validly asserted by plaintiffs or their predecessor in interest.

Judgment affirmed.

McCabe, P. J., and Kerrigan, J., concurred.