[L. A. No. 4904. Department One.—July 3, 1919.]

## JOHN W. SANDERS, Respondent, v. A. E. AUSTIN et al., Appellants.

[1] NEGLIGENCE—INJURY TO AUTOMOBILE AND OWNER—PUMPING OF GASOLINE INTO TANK BEFORE SIGNAL—CONFLICT OF EVIDENCE—APPEAL.—In an action against the owners of an automobile supply station and their employee in charge of such station to recover damages for injuries to person and property alleged to have been caused by such employee in starting the pumping of gasoline into the tank of plaintiff's automobile before he was certain that the plaintiff was ready to receive the same, with the result that the gasoline poured out over the machine and caught fire, the finding on conflicting evidence that plaintiff did not give any signal to go ahead with the pumping establishes the negligence of such employee.

[2] ID.—DAMAGES—EVIDENCE—PRICE PAID FOR AUTOMOBILE—SUPPORT OF FINDING.—In such action, evidence as to what the plaintiff paid for the machine had sufficient probative value, in the absence of any counter-testimony, to sustain the finding of damages, when taken with the further circumstance that no question was raised at the trial as to the value of the machine.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Salisbury & North for Appellants.

Oscar E. Winburn for Respondent.

OLNEY, J.—This is an action against the owners of an automobile supply station and their employee in charge of such station, one Lawrence, to recover damages for injuries to person and property claimed to have been suffered by the plaintiff through the negligence of Lawrence. The plaintiff had judgment and the defendants appeal. The facts of the matter are:

The plaintiff was the owner of a Ford automobile which he was operating as a jitney bus and ran the car alongside the gasoline pump of the supply station to obtain some gasoline. . The gasoline tank on a Ford machine is beneath the front seat, and the plaintiff, standing in the car, was handed the free end of the hose from the pump in order to insert it into the tank. Before the hose was so inserted, and while the plaintiff was holding it with one hand and unscrewing the cap of the tank with the other, the defendant Lawrence started the pump with the result that the gasoline poured out over the machine, caught fire either from the engine or the lights of the machine, and burned the plaintiff and the machine. There is no dispute as to the foregoing facts. There is a direct conflict in the testimony as to whether or not the plaintiff gave any signal to Lawrence to go ahead with the pumping, plaintiff testifying positively that he did not. [1] It is evident that if this testimony is true (and in view of the conflict and the decision of the trial court it must be taken on appeal as true), there was undoubted negligence on the part of Lawrence. The danger of gasoline catching fire is so great that it was very clearly a lack of reasonable care on the part of Lawrence to begin pumping until he was certain that the plaintiff was ready to receive the gasoline.

The only other point in the case is the amount of damages. The court awarded plaintiff $450, $225 of which was allowed on account of injury to the machine. It was stipulated at the

trial that the value of the machine, after it was burned, was $75, but defendants object that there is no evidence of its value before it was burned and that, therefore, the amount of $225 allowed is without any support in the evidence. There was no direct testimony, as there should have been, as to the condition of the machine or what is was worth at the time it was burned. All that appears is that the plaintiff had some months before paid $345 for it second-hand, and that he was actually using it in his business, from which it must be inferred that it was at least in running condition. It may be that testimony as to what the plaintiff paid for the machine was not competent and that if it had been objected to the objection would have been good. Such objection would have been good, however, not because such testimony was of no probative value, but because, standing alone, it was of slight probative value only, and to make it more than this would involve an inquiry into a collateral question, namely, whether or not the plaintiff had paid too much for the car. The rule is that testimony involving a collateral issue will not be permitted where such inquiry, in its probative bearing on the main issues, will not be worth the time and necessary complication of issues involved.

[2] But the testimony being in, it has sufficient probative value in the absence of any counter-testimony whatever to sustain the finding of the court (*Joost* v. *Sullivan*, 111 Cal. 296, [43 Pac. 896] ; *Booth* v. *Pendola*, 88 Cal. 41, [23 Pac. 200, 25 Pac. 1101]), particularly in view of the further circumstances that no question was raised at the trial as to the value of the automobile and it was apparently assumed that the price paid by the plaintiff was not out of the way. In this connection it should be noted that, in effect, the court found the machine, at the time it was burned, to be worth three hundred dollars, or $45 less than the plaintiff had paid for it.

It is also worthy of note that in view of the fact that the machine could actually run at the time it was burned, an appraisement of three hundred dollars cannot possibly exceed its real value by an amount at all equal to the reasonable expense to the defendants of a new trial. For this reason alone we would be disinclined to grant a new trial merely because of error in fixing the amount of damages.

Judgment affirmed.

Shaw, J., and Lawlor, J., concurred.