[Civ. No. 7286. Fourth Dist. Dec. 10, 1964.]

THE PEOPLE ex rel. THE DEPARTMENT OF PUBLIC
WORKS, Plaintiff and Appellant, v. ALVAN MILLER
et al., Defendants and Respondents.

George C. Hadley, William H. Peterson, Sherman Hollings-worth, Charles E. Spencer, Jr., Robert W. Vidor and Harry S. Fenton for Plaintiff and Appellant.

Thomas G. Baggot and Henry Wien, for Defendants and Respondents.

COUGHLIN, J.—This is an appeal by the plaintiff, the con-demner, from a judgment awarding damages to the defend-ants Alvan Miller and Imperial Valley Neon Sign Co., Inc., condemnees, for the taking for highway purposes of 82.21 acres of land and the improvements thereon, including a .62-acre strip formerly used as a highway.

The issues on appeal are whether (1) the evidence is suf-ficient to support the finding of the trial court that the former use of the .62 acre strip for highway purposes had been abandoned; and (2) the court erred in the rejection of evidence.

### SUFFICIENCY OF EVIDENCE RE ABANDONMENT

The taking in question was for a freeway known as U.S. Highway 80, which traverses the defendant Miller's property. In 1914 the state constructed a 15-foot highway across this property, occupying the .62 acre strip in ques-tion, which was washed out in 1926; was not repaired; and since that time has not been maintained nor used for high-way purposes. Instead, the state relocated the highway, which became known as U.S. 80, at its present location. In 1932 Miller went into possession of the subject property, apparently under a homestead entry; in 1939 received a patent thereto from the United States Government; erected improve-ments thereon, a part of which were located on the .62-acre strip; thereafter occupied the whole thereof without objection from the state; claimed it free of any highway use; and paid taxes thereon. Whether homestead entries previously had

been made upon the property, or its status as public lands otherwise previously had been affected, does not appear.

The court found that use of the .62-acre strip for highway purposes had been abandoned. The plaintiff contends that such an abandonment could be accomplished only through adoption of a resolution by the Highway Commission, citing sections 72, 835, and 836 of the Streets and Highways Code which it contends prescribe and limit the power of the commission in the premises; that no such resolution of abandonment was adopted; and, for this reason, the evidence does not support the finding. The defendants contend that the instant case is governed by the decision in *Smith* v. *Ricker*, 226 Cal.App.2d 96, 99, 100 [37 Cal.Rptr. 769], wherein the court considered the effect of the statutes applicable to the period of time when Highway 80 was relocated, and held that although a proprietary interest in a highway site acquired by deed or dedication may be lost only through express abandonment, ''a public interest acquired by occupancy and use, without a formal grant, may be extinguished by nonuser, relocation or other evidence of an intent to abandon''; and that the evidence of relocation and nonuser in the instant case supports the finding of abandonment. The plaintiff counters with the claim that Highway 80 as originally constructed was located upon public lands; an applicable federal statute in the premises effected a grant thereof to the state (See 43 U.S.C.A. § 932); and, under these circumstances, the decision upon which the defendants rely does not support their contention. However, as heretofore noted, it does not appear from the evidence that in 1914, when Highway 80 originally was constructed, the land in question was public land within the meaning of the statute upon which the plaintiff relies, i.e., ''lands which are open to settlement or other disposition under the land laws of the United States.'' (*Hamerly* v. *Denton* (Alaska) 359 P.2d 121- 123.) Under these circumstances we conclude that the instant decision is controlled by the further holding in *Smith* v. *Ricker, supra,* 226 Cal.App.2d 96, 101, where the court said:

''There is no evidence here that the public . . . ever acquired any proprietary interest in the site of the old roadway. Thus the public had nothing more than a right of passage over the land. [Citing cases] Since the State of California never owned any 'lands . . . or rights in lands,' abandonment . . . could be accomplished without a formal resolution.''

## Rejection of Testimony

At the trial the defendant Miller testified that the value of the property taken was $80,000. An appraiser called by him testified to a value of $68,100. After the defendants had presented their case on value, the plaintiff called Miller under section 2055 of the Code of Civil Procedure for cross-examination; made an offer of proof that through such examination it could be established that he had employed another appraiser, who had not been called as a witness, from whom he had received an opinion respecting the value of the property taken; and sought to develop these facts and elicit the opinion so given. Objections thereto by the defendants were sustained. Thereafter the plaintiff called the appraiser in question; upon objection, was not permitted to inquire about his employment by the defendant or the fact that he had given the latter an opinion respecting value; over objection was permitted to testify that he had appraised the subject property and had an opinion respecting its value "as of December, 1961"; but was not permittted to express that opinion because the applicable date of valuation was January 8, 1962. In the course of the latter examination the following colloquy between the court and the witness took place:

"By The Court: Well, you don't have an opinion then as to its value as of January 8th, 1962, at this time? In other words—— A. I don't think it would have changed much in that month.

"By The Court: Would you think it would be the same? A. Without studying, I would have to assume that it would be the same."

Counsel for the plaintiff then asked: ". . . may this witness answer the Court's question now?", to which the court replied: "He says he doesn't know, he would have to make some further study before he would want to answer it. That being the case, why, if you want to give him an opportunity to do that, he may do it and you can call him at a later date."

Thereupon, the witness was excused. He was not recalled for further testimony. No offer of proof was made indicating what value the witness would place upon the property as of December 1961.

 Evidence tending to discredit the opinion of a witness on value in a condemnation action is material to the determination of an issue in the case. However, evidence directed to a material issue is not admissible unless it is relevant to that issue. As a consequence, direct and

cross-examination seeking to develop such is limited accordingly, and an inquiry directed to matters of borderline relevancy may be foreclosed in a civil case where the apparent purpose thereof is other than its claimed relevancy (*People v. Golden*, 55 Cal.2d 358, 369 [11 Cal.Rptr. 80, 359 P.2d 448]; *East Bay Mun. Utility Dist.* v. *Kieffer*, 99 Cal.App. 240, 261 [278 P. 476, 279 P. 178]); where it has a tendency to divert the attention of the jury from the main issue (*People v. Golden, supra,* 55 Cal.2d 358, 369; *Lowenthal* v. *Mortimer*, 125 Cal.App.2d 636, 643 [270 P.2d 942]); where it may cause confusion; where it raises collateral issues that should be avoided (*Fries* v. *Anderson, Clayton & Co.*, 190 Cal.App.2d 667, 682 [12 Cal.Rptr. 336]; *Marinucci* v. *Bryant*, 151 Cal. App.2d 298, 303-304 [311 P.2d 622]; *Lowenthal* v. *Mortimer, supra,* 125 Cal.App.2d 636, 643); or where its probative value is outweighed by its probable ulterior effect. (See *People* v. *McCaughan*, 49 Cal.2d 409, 421-422 [317 P.2d 974]; *Sanders* v. *Austin*, 180 Cal. 664, 666 [182 P. 449]).

The extent of cross-examination which tends to impeach the credibility of a witness rests very largely in the discretion of the trial court (*People* v. *Murphy*, 59 Cal.2d 818, 830 [31 Cal.Rptr. 306, 382 P.2d 346]; *People* v. *Winston*, 46 Cal.2d 151, 157 [293 P.2d 40]; *People* v. *LaMacchia*, 41 Cal.2d 738, 743 [264 P.2d 15]; *People* v. *Wissenfeld*, 36 Cal. 2d 758, 765 [227 P.2d 833]) and, absent a showing of abuse in the exercise of that discretion, its determination in the premises will not be interfered with on appeal. (*People* v. *Wissenfeld, supra,* 36 Cal.2d 758, 765-766.) The admission of allegedly relevant evidence on direct examination also is a matter subject to trial court discretion in the application of the rules heretofore noted.

In the instant case, proof that the defendant Miller employed an appraiser from whom he received an opinion as to value but whom he did not call as a witness had little if any bearing upon the testimony by Miller respecting the value of the property taken. The apparent purpose of the inquiries proposed by the plaintiff with respect to the matters aforesaid was to raise an immaterial issue as to why Miller did not call the appraiser he had employed as his witness. Assuming this appraiser was of the opinion that the value in question was lower than that to which Miller had testified, there may have been many pertinent reasons for the latter's rejection thereof, e.g., the failure to consider many factors which he believed important. An inquiry into the reasons for

the rejection of such opinion would develop many collateral issues irrelevant to a determination of the credibility of the valuation testimony sought to be impeached. In this regard it must be noted that there was no offer of proof that the appraiser not called as a witness was of the opinion that the value of the property taken was less than the value to which the defendant Miller, or the appraiser called by the latter, had testified. Under these circumstances, any claim that proof of Miller's employment of a appraiser from whom he received an opinion as to value, but whom he did not call as a witness, affects the credibility of his testimony respecting value, invades the realm of speculation, and must be rejected.

It is not necessary to determine whether the trial court erred in refusing to permit the appraiser in question, when called as a witness by the plaintiff, to give his opinion of value as of December 1961, i.e., a month prior to the valuation date, because there is no showing that the evidence refused admission would have been favorable to the plaintiff, or that other favorable evidence could not have been obtained. (*Vallejo etc. R.R. Co.* v. *Reed Orchard Co.,* 169 Cal. 545, 575-576 [147 P. 238]; *Waters* v. *Lanigan,* 137 Cal. App.2d 268, 274 [290 P.2d 370].) It does not appear from the record at hand that the opinion denied admission into evidence would not have supported the verdict rendered. Furthermore, it does not appear that there was any dearth of readily available opinion testimony in support of plaintiff's position. ▆ The burden is on an appellant seeking a reversal because of the rejection of evidence not only to show error but also to show the prejudicial nature of that error. (*Meyer* v. *State Board of Equalization,* 42 Cal.2d 376, 387 [267 P.2d 257]; *Long Beach City H.S. Dist.* v. *Stewart,* 30 Cal.2d 763, 773-775 [185 P.2d 585, 173 A.L.R. 249]; *Coleman* v. *Farwell,* 206 Cal. 740, 741 [276 P. 335].) The plaintiff has not made such a showing.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

A petition for a rehearing was denied January 8, 1965.