[Civ. No. 31380. Second Dist., Div. Five. Apr. 24, 1968.]

ALFRED E. LAUDER, Plaintiff, Cross-defendant and Respondent, v. WALLACE JOBE, Defendant, Cross-complainant and Appellant.

Kean & Engle and Joseph A. Kean for Defendant and Appellant.

McBain & Morgan and Elmer O. Docken for Plaintiff and Respondent.

STEPHENS, J.—This appeal arises out of a double rear-end accident that occurred on the southbound portion of the Harbor Freeway. For convenience in this opinion, Wallace Jobe will be referred to as defendant Jobe or Jobe, and Alfred E. Lauder will be referred to as plaintiff Lauder or Lauder, although, as will become apparent below, we are actually dealing with consolidated cross-actions. Plaintiff Lauder's 1959 Impala Chevrolet was traveling southbound in the lane next to the "fast" lane.[1] He was following a Cadillac belonging to his friend, Eldridge. Apparently a metal box or frame fell off of a truck of one Summers that had also been traveling in the number two lane. The driver of the truck had stopped in that lane. and seemed to be in the process of retrieving the metal object when the truck came into Eldridge's view.

---

[1] For purposes of this opinion, the lanes will be numbered consecutively from left to right, the number one lane being the "fast" lane.

Eldridge managed to avoid the truck by passing it on the left, but Lauder struck the rear of the truck. The testimony is in dispute as to whether Lauder swerved partially into the fast lane to avoid the truck, and still contacted it, or whether he stayed completely within his own lane and hit it directly from behind. Jobe's 1959 Impala was traveling southbound on the freeway, somewhat behind Lauder and to Lauder's left, in the number one lane. After the impact between Lauder's vehicle and the truck, the Jobe vehicle struck Lauder's. The evidence again is in dispute as to just how long an interval there was between the two collisions, and consequently how far behind Lauder Jobe actually was at the time of the initial impact. The evidence is also in dispute as to whether the Jobe vehicle struck the Lauder vehicle in the number one or number two lane. As a result of the accident, extensive damage was done to both the Lauder and Jobe vehicles, and both drivers suffered physical injuries.

In August of 1963 (the accident having occurred in May of that year), Lauder filed an action against Jobe in the municipal court. The claim was for $1,448 for the loss of his automobile, $62 for medical bills, and $3,000 for general damages. In September of that year, Jobe filed an action in the superior court. This cause of action arose out of the same accident, and was filed against Lauder and Summers. Damages claimed were well in excess of the superior court jurisdictional minimum. After the filing of the Jobe action, by stipulation of the parties the prayer for general damages in the Lauder action was raised to $10,000, and the matter was transferred to the superior court, to be consolidated with the Jobe action. By stipulation of the parties, the Jobe complaint was deemed to be a cross-complaint in the Lauder case. Pretrial was had in both matters, and a pretrial conference order issued. The order incorporated the joint pretrial statements of counsel. The pretrial statement of plaintiff Lauder specifies that he was in fact seeking damages in the amount claimed in his original complaint filed in the municipal court, and hence less than the minimum superior court jurisdictional amount. The cause came on for trial and resulted in a finding by the jury, after a default was entered against defendant Summers, that both Jobe and Lauder were guilty of negligence that proximately caused the accident, but that defendant Jobe had the last clear chance to avoid the accident. A judgment was entered in favor of plaintiff Lauder against Jobe in the

amount of $1,225. Defendant Jobe appeals from the judgment.

## Issues

Three contentions are raised in this appeal: (1) that the court was without jurisdiction in that the pretrial order reduced the total damages claimed by Lauder to less than the minimum jurisdictional amount of the superior court; (2) that the plaintiff failed to prove any property damages and therefore it was improper to instruct the jury on this issue; and (3) that it was improper to instruct the jury on the doctrine of last clear chance. We find no error, and affirm the judgment.

## Jurisdiction

Rule 216 of the California Rules of Court[2] makes clear that the pretrial conference order supersedes the pleadings and controls the subsequent course of the case in the usual instance. Defendant argues that since this is so, once the pretrial conference order incorporated the plaintiff's pretrial statement which indicated that he was not claiming damages equal to the jurisdictional amount, the superior court lost jurisdiction over the matter. This question is not properly before us, for the record shows that it is inaccurate to view the *Lauder* v. *Jobe* action as separate from that of *Jobe* v. *Lauder, et al.* We are confronted with a *Lauder* v. *Jobe* complaint and a *Jobe* v. *Lauder, et al.* cross-complaint following the consolidation order. Since the cross-complaint alleges damages above the jurisdictional amount, it is clear that no matter what the amount of the prayer is in the original complaint, the matter was properly in the superior court. (1 Witkin, Cal. Procedure (1954) Jurisdiction, § 23, subds. (2) and (3).)[3]

---

[2]Rule 216: ''When filed, the pretrial conference order becomes a part of the record in the case and, where inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice. Any motion so to modify before trial shall be heard by the pretrial conference judge or, if not available, before the presiding judge or, if none, before any judge sitting in that court.''·

[3]1 Witkin, California Procedure (1954) Jurisdiction, section 23, subdivisions (2) and (3):

''(2) *A large demand by counterclaim or cross-complaint may confer jurisdiction* on the superior court. If the plaintiff brings an action in the superior court, in which his claim is below the jurisdictional limit, the lack of jurisdiction is cured if the defendant files a counterclaim or cross-complaint setting forth a cause of action which, in the amount in controversy or subject matter, comes within the superior court's jurisdiction. (See *Emery* v. *Pac. Employers Ins. Co.* . . . [8 Cal.2d 663 (67 P.2d 1046)]; 29 Cal.L.Rev. 768 . . .

## Property Damage

■ Defendant contends that it was error to charge the jury on the issue of property damage as it pertained to the claim of plaintiff Lauder, in that the proof was insufficient on this issue to warrant an instruction. The property damage was, of course, that allegedly occurring to the Lauder Chevrolet automobile. Proof of damage to the car consisted of testimony that the car was purchased new in 1959 by Lauder, and that he paid approximately $3,200 for it. He testified that the car was in excellent condition at the time of the accident; that he was particularly careful to maintain it because it was used in research he was doing on an improved carburetion system. His testimony also indicated that whatever damage was done by the collision with the Summers' truck prior to being struck by Jobe's vehicle was minimal. Finally, there was testimony that the car was a total wreck after the accident, and that it was sold for junk for $152. In situations dealing with personal property damaged beyond repair, the cases are in conflict as to whether this is sufficient evidence of value to warrant presenting the issue to the jury.[4] In *Sanders* v. *Austin,* 180 Cal. 664 [182 P. 449], it was held that, in the absence of contrary testimony, proof of purchase price is sufficient upon which to base a damage recovery. (See also *Martin* v. *State Farm Mut. Auto. Ins. Co.,* 200 Cal.App.2d 459, 470-472 [19 Cal.Rptr. 364].) But in *Smith* v. *Calley,* 103 Cal.App. 735 [284 P. 974], it was held that the cost of a vehicle is not an adequate value on which to base a measure of recovery

---

"(3) On the other hand, a *large demand by counterclaim or cross-complaint* will defeat jurisdiction of an inferior court. If the plaintiff brings an action in a municipal or justice court and the defendant's cross demand is beyond the court's jurisdiction, the action must be transferred to the superior court.''

We see nothing contra in the case of *Cochrane* v. *Superior Court, ante,* p. 201 [67 Cal.Rptr. 675] (filed Apr. 16, 1968, 2d App. Dist., Div. 1, Civ. No. 32696). In that case an action was properly filed in municipal court; it was held that the municipal court could not be divested of jurisdiction even though another action was pending in the superior court arising out of the same transaction. In the instant matter, however, as soon as the *Lauder* v. *Jobe* complaint was amended to seek damages in excess of the jurisdiction of the municipal court, there was an obligation to transfer the case to the superior court. (Code Civ. Proc., § 396; *Thomasian* v. *Superior Court,* 122 Cal.App.2d 322 [265 P.2d 165]; cf. *Keenan* v. *Dean,* 134 Cal.App.2d 189 [285 P.2d 300].)

[4]BAJI 174-G (Rev.) states the applicable law. It was given with the lined out portions omitted:

"Such sum as will reasonably compensate said [plaintiff] [cross-complainant] for damage to [his] [her] property.

"That sum is equal to the difference in the fair market value of the property immediately before and immediately after the injury.

when an extended period of time has elapsed between purchase and damage, and that in the absence of adequate proof of value immediately prior to damage, there can be no recovery. We prefer to apply the *Sanders* rule to the instant action. Although we acknowledge that in *Sanders,* which was a decision of the Supreme Court, the car was probably purchased much closer in time to the accident than is the situation in the case before us, there was in the instant case no objection to the testimony as to purchase price, and no evidence presented by the defense to indicate that the facts as to the value of the car were different than those as stated by the plaintiff. Given the fact that a lump sum verdict was returned, which ostensibly included recovery for plaintiff's other injuries, and the fact that the total recovery was only $1,225, we do not feel that any value included in the judgment for the destruction of the four-year-old automobile, in excellent condition, could be so unwarranted as to necessitate a reversal of this judgment and a retrial on this issue. (See *Sanders* v. *Austin, supra,* at p. 666.)

### Last Clear Chance

The Supreme Court has set out the three elements of last clear chance, as follows: "(1) that the plaintiff was in a position of danger and, by his own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger; (2) that defendant knew that the plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom; and (3) that thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure." (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 743 [306 P.2d 432].) The claim in the instant action is not that the charge to the jury constituted an inaccurate statement of the doctrine, but only that the evidence was insufficient to

─("If the injury has been repaired, or is capable of repair, so as to restore the fair market value as it existed immediately before the injury, at an expense less than such difference in value, then the measure of damage is the expense of such repair rather than such difference in value.)

"[If the property cannot be completely repaired, the measure of damages is the difference between the value before the injury and its value after the repairs have been made plus the reasonable cost of making the repairs.]"

warrant submitting the question to the jury at all. ■ Viewing the evidence in the light most favorable to the plaintiff, if there is substantial evidence to reasonably support the theory of last clear chance, an instruction to the jury on this issue is proper. (*Espinoza* v. *Rossini*, 247 Cal.App.2d 40, 52 [55 Cal.Rptr. 205].) ■ The first element of last clear chance is established by evidence from which it could be found that the plaintiff negligently got himself into a position of danger when he rear-ended the truck of Summers and was in such a position in relation to the truck that he could not escape from his position. The second element is existent through evidence that defendant saw the collision between Lauder's vehicle and the truck, and by necessity saw him stopped up against the truck. It is the third element that defendant contends is not present. He contends that the two collisions occurred too closely in time to warrant a finding that the defendant had a clear chance to avoid striking the Lauder vehicle. Lauder testified that there was about a six-second interval between the time he struck the truck and the time he was struck by defendant Jobe. Jobe testified he was traveling approximately 60 miles per hour. At that speed, we will take judicial notice of the fact that an automobile will travel approximately 540 feet. The testimony establishes that there was a six-foot wide, unobstructed, paved strip to the left of the fast lane. Jobe testified that only half of the Lauder vehicle was in his lane. It is apparent then that the defendant would have a wide, paved, unobstructed area in which to avoid the stopped vehicles. There was also testimony to the effect that Jobe saw the Lauder vehicle strike the truck; that after reaching the crest of a rise in the road, there was a clear view of the road ahead for 600 or 700 feet to the point of impact. This tends to corroborate the story of Lauder that there was a six-second interval between the impacts. Had there been that much time (six seconds) and the wide area in which to avoid the stopped vehicles, he would have had that clear chance to avoid the accident, required as an element of the rule. It was, therefore, proper to submit the issue to the jury.

The judgment is affirmed.

Kaus, P. J., and Aiso, J. pro tem.* concurred.

---

*Assigned by the Chairman of the Judicial Council.