[Civ. No. 32920. Second Dist., Div. Five. Oct. 28, 1969.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. FRED COWAN et al., Defendants and Appellants.

**COUNSEL**

Thorpe, Sullivan, Clinnin & Workman and Henry K. Workman for Defendants and Appellants.

Harry S. Fenton, Joseph A. Montoya, Robert L. Meyer, Richard L. Franck and Charles E. Spencer, Jr., for Plaintiff and Respondent.

**OPINION**

**KAUS, P. J.—**

### STATEMENT OF THE CASE

This is an appeal by defendants from a judgment granting them a condemnation award of $148,779.61[1] as just compensation for the taking of three parcels of unimproved land located in Los Angeles County. The State of California, plaintiff, sued to condemn the property for freeway purposes. Defendants waived any claim to severance damages just prior to trial, so the only issue in the proceedings was the fair market value of the three parcels as of the date of issuance of summons, June 24, 1965.

Defendants' sole contention on appeal is that the trial court erroneously refused to allow defendants to call as an expert witness a staff appraiser for the State Division of Highways, Mark Linnes. Before the jury was empaneled defendants made an offer of proof with respect to Mr. Linnes. They alleged that he had appraised the property in question in the course of his duties as a staff appraiser, and that the state had relied upon his evaluation in applying for a determination of the amount of the security deposit made pursuant to section 1243.5, subdivision (a), of the Code of Civil Procedure. Defendants stated that they wished to question the appraiser as to his opinion of the value of the parcels as of June 24, 1965, emphasizing that his opinion would be especially probative because (1) he appraised the property in his capacity as plaintiff's staff appraiser; and (2) subsequent evaluations by independent appraisers, hired by the state, were approximately $30,000 less than Mr. Linnes' evaluation. The trial court sustained plaintiff's objection to the offer of proof on the grounds that the evidence was privileged and irrelevant.

---

[1]This sum represents the sum of the jury verdict for just compensation ($146,781) and interest thereon.

## DISCUSSION

■ We conclude that the proffered testimony was neither privileged nor irrelevant and that the trial court committed reversible error in excluding it.

■ Plaintiff contends that since the appraiser communicated his evaluation of the subject property to the state's attorney, the attorney-client privilege precluded defendants from examining him as to his opinion of the value of the property.[2] The law is to the contrary. In *People* ex rel. *Dept. of Public Works* v. *Donovan,* 57 Cal.2d 346 [19 Cal.Rptr. 473, 369 P.2d 1] the California Supreme Court considered the privilege question at length. It concluded that an appraiser's opinion of value is not within the attorney-client privilege merely because it had been communicated to the state's attorney. (57 Cal.2d at pp. 354-355.) (See also *Oceanside Union School Dist.* v. *Superior Court,* 58 Cal.2d 180, 189 [23 Cal.Rptr. 375, 373 P.2d 439].)

Plaintiff's contention that any opinion of the value of the property held by Mr. Linnes was irrelevant is alternatively based upon two erroneous theories. First, plaintiff claims that defendants stipulated that the staff appraiser, if called, would testify that he had no opinion of value as of the valuation date. We find no such stipulation in the record. In the offer of proof defendants emphatically stated that they expected the appraiser to testify that he had an opinion of the fair market value of the property on the valuation date.

In objecting, plaintiff's counsel said that Mr. Linnes' opinion of value was formed six months prior to the valuation date.[3] After sustaining plaintiff's objection to the proffered testimony, the trial court asked the parties to stipulate that if the appraiser were called he would testify as plaintiff had represented he would. Before any response to this request the trial judge stated: "We are doing this before the trial is actually started. We haven't a jury yet and it's been stipulated that this offer of proof and objection would have taken place in the due course of events throughout

---

[2]In its brief plaintiff asserts that it declined at trial to offer evidence in support of its privilege claim because defendants conceded that the appraisal report as such was privileged. Although it contends that even Mr. Linnes' opinion itself is privileged, plaintiff does not say why. It apparently assumed that defendants' concession leads inexorably to the result it asks us to reach.

[3]We pass over the point that if this representation was true, plaintiff may have been less than candid with the court when it applied to have the amount of the security deposit determined. The Linnes affidavit is not part of the record before us, but both counsel read portions of it to the trial court. While Linnes does not exactly say that he had an opinion as of the date the application for the fixing of the amount of the security deposit was made, it says that the amount stated was reasonably adequate to secure defendants "the probable just compensation for [the] taking and any damage incident thereto." How can the state claim that Linnes' opinion, as thus expressed, was based on an opinion formed at a time which—as is now urged—is irrelevant?

the trial and therefore the ruling is made at this time to expedite the matter." The parties *then* stipulated to what had just been stated by the judge. Plaintiff interprets this as a stipulation that his counsel's statement was true. In view of their offer of proof, it is ridiculous to suggest that defendants would, in the next breath, agree that the appraiser had no relevant opinion. Obviously thay intended to stipulate only that the offer of proof, objection and ruling were to be treated as if they had been made at the proper time. In any event, even if we adopt plaintiff's view of the record, all that defendant's counsel agreed to was that Linnes would testify that his opinion was formed six months before the valuation date. This did not necessarily make him a worthless witness. Plaintiff's own expert witness was not even hired until over five months after the valuation date. Several of the comparable sales on which he relied in arriving at his opinion were made many months before the valuation date. Nevertheless he found them "helpful" after making adjustments "because the trend was upward."

■ Secondly, plaintiff reasons that the appraiser's testimony was irrelevant because his report indicated that $172,000 would be sufficient to cover both the value of the property taken and severance damages; while after the appraisal defendants waived their claim to severance damages. Plaintiff therefore asserts that there was no showing that the appraiser's opinion of value would have aided defendants. Defendant's offer of proof, however, alleged that Mr. Linnes had a relevant opinion of value which was higher than that which plaintiff intended to offer in evidence. The extent to which the expert's opinion was affected by the severance damage factor surely only goes to weight, not admissibility.

■ Plaintiff urges two or more reasons why the appraiser's testimony was properly excluded. Neither was advanced below. Neither has merit. First, plaintiff alleges that the offered evidence relates to a collateral matter: the credibility of plaintiff's expert witness. The case plaintiff cites to support its contention, *People* ex rel. *Dept. Public Works* v. *Miller,* 231 Cal.App.2d 130 [41 Cal.Rptr. 645], is not in point. In that case the plaintiff-appellant *was* allowed to call as a witness an appraiser whom the defendant-respondent had hired but did not call to testify. The court held that the trial court did not err in refusing to allow plaintiff to question the appraiser about his employment by defendant, since such an inquiry was only intended to raise the collateral issue of why defendant had not called the appraiser he had employed as his witness. Plaintiff did not offer to prove that the witness had an opinion of value lower than that of defendant's other witnesses. It could therefore not claim, as can defendants here, that the proffered testimony was directly relevant on the issue of value.[4]

---

[4]The trial court in the *Miller* case did not permit the appraiser to give his opinion of value because, whatever it was, it was out of date. The court agreed, however, to

██ Finally, plaintiff claims that since section 1243.5, subdivision (e), of the Code of Civil Procedure prohibits all reference at trial to the amount of the security deposit, the opinions supporting the state's application for a determination of such amount are also inadmissible in evidence. One answer to plaintiff's argument is that if the Legislature had wished to exclude such opinions from evidence it would have done so. The statute only forbids evidence of the "amount required to be deposited." Plaintiff argues, however, that the purpose of the statute would be destroyed if the condemnee could call the appraiser on whose showing the court relies in fixing the amount of the security deposit. It is claimed that the danger of having their own appraisers called by the other side, would cause condemnors to seek to make unreasonably low security deposits.

Whether that is a realistic fear, we simply do not know. Initially the amount of the deposit may be fixed on an ex parte application by the condemnor. (Code Civ. Proc., § 1243.5, subd. (a).) Thereafter the court may order it increased or decreased on motion. (Code Civ. Proc., §1243.5, subd. (d).) It may well be that a condemnor would prefer the risk of its appraiser having to testify to the chance that, in the event the deposit is unreasonably low, the condemnee might make a successful motion to have it increased to an amount which the condemnor would consider unreasonably high. In any event, since the amount of the deposit is usually fixed on the basis of a sworn showing, we are not so certain that condemnors have quite so much leeway as the argument suggests.

The fallacy of the People's reliance on section 1243.5, subdivision (e), of the Code of Civil Procedure is also demonstrated by their insistence that the policy behind it is the same as that of section 1152 of the Evidence Code which forbids evidence of offers of compromise to be shown to prove liability. Assuming that this is so[5] the argument proves too much. Although offers of compromise are not admissible as such, we have not heard it suggested that a plaintiff cannot call a witness, expert or otherwise, whose expected testimony has apparently induced the defendant to make a

---

allow the appraiser to update his appraisal and then testify. (*People* ex rel. *Dept. Public Works* v. *Miller, supra,* 231 Cal.App.2d 130, 133.)

[5] We imagine that another reason for the subdivision is that the jury might be unduly swayed by what is, after all, a judicial determination of "probable just compensation," even if made ex parte.

generous offer. (Cf. *Grand Lake Drive In, Inc.* v. *Superior Court,* 179 Cal.App.2d 122 [3 Cal.Rptr. 621, 86 A.L.R.2d 129].)

The judgment is reversed.

Stephens, J., and Aiso, J., concurred.

A petition for a rehearing was denied November 26, 1969, and respondent's petition for a hearing by the Supreme Court was denied December 23, 1969. McComb, J., and Burke, J., were of the opinion that the petition should be granted.